**In re Sheryl HUGHES, Debtor.**

No. 08–36020.

United States Bankruptcy Court, D. Minnesota.

March 16, 2009.

Urosh Piletich, Piletich and Skokan P.A., Stillwater, MN, for Sheryl Hughes.

## ORDER GRANTING MOTION FOR RELIEF FROM STAY

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter is before the Court on the motion of TCF National Bank for relief from stay. Urosh Piletich appeared on behalf of the debtor. Jeffrey Klobucar appeared on behalf of TCF National Bank. At the conclusion of the hearing, the Court allowed additional time for supplemental briefing, and thereafter took the matter under advisement. The Court being now fully advised makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

TCF filed the present motion seeking relief from stay under U.S.C. § 362(d)(1) to foreclose its mortgage on Hughes' homestead. TCF holds a valid perfected second mortgage against Hughes' homestead. The loan is delinquent, no payments are being made by Hughes, and her proposed Chapter 13 plan does not provide for any payment to TCF other than as part of a distribution to general unsecured creditors. TCF asserts that it is entitled to relief from stay as a result of lack of adequate protection. Hughes claims that the value of her homestead is exceeded by a first mortgage held by U.S. Bank, and that therefore TCF's secured interest has a zero value and its claim is entirely unsecured. The property tax valuation, however, indicates equity.

 The core issue here is whether a debtor may essentially strip the lien of a valid mortgage holder, whose debt is secured only by a lien on the debtor's homestead, because there is no equity in the property covering the lien. Hughes' reliance on decisions held within the confines of Chapter 12 or otherwise issued by courts outside the Eighth Circuit is misplaced. The prevailing law in this jurisdiction is unequivocal.

Section 1322(b)(2) provides:

(b) Subject to subsections (a) and (c) of this section, the plan may—

> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

See 11 U.S.C. 1322(b)(2).

 "[T]he purpose of the statute is to protect the stability and affordability of the residential lending market by excluding cram down of residential loans, while at the same time provide debtors a limited remedy of default cure in Chapter 13 to save homes that are in peril of foreclosure." See In re McConnell, 296 B.R. 197, 200 (Bankr.D.Minn.2003). See also, In re Olsen, 363 B.R. 908, 910 (8th Cir. BAP2007); In re Booth, 399 B.R. 316, 321–322 (Bankr.E.D.Ark.2009); In re Coleman, 373 B.R. 907, 910 (Bankr.W.D.Mo.2007); In re Russell, 93 B.R. 703, 707 (D.N.D. 1988). Moreover, the Supreme Court thoroughly examined this issue and determined that "Section 1322(b)(2) prohibits [a § 506(a)] modification where ... the lender's claim is secured only by a lien on the debtor's principal residence." See Nobelman v. American Sav. Bank, 508 U.S. 324, 329–332, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). See also, Harmon v. U.S. Through Farmers Home Admin., 101 F.3d 574, 580–581 (8th Cir.1996), discussing Nobelman, 508 U.S. 324, 113 S.Ct. 2106.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. TCF National Bank's motion is granted;

2. The automatic stay of 11 U.S.C. § 362(a) of the Bankruptcy Code is immediately terminated as to TCF National Bank; and

3. TCF National Bank is authorized to foreclose its mortgage on the following real property legally described as:

Lot 7, Block 20, Tanners Lake Heights Flat No. 4, Washington County, Minnesota.

4. Notwithstanding Fed. R. Bankr. 4001(a)(3), this order is effective immediately.