**In re Arnold Douglas LOBAN, Debtor.**

No. 09–33489.

United States Bankruptcy Court,
D. Minnesota.

April 2, 2010.

Theresa A. Freeman, Neff Law Firm, Edina, MN, for Debtor.

### ORDER OVERRULING CLAIM OBJECTION AND DENYING CONFIRMATION

DENNIS D. O'BRIEN, Bankruptcy Judge.

Confirmation of the debtor Douglas Loban's proposed plan and his objection to the claim of BAC Home Loans Servicing, L.P., were heard on February 11, 2010. Theresa A. Freeman appeared on behalf of the debtor and Margaret Culp appeared on behalf of the Chapter 13 Trustee, Jasmine Keller. BAC Home Loans did not appear. The Court, having heard arguments and reviewed filed briefs and being fully advised in the matter, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I

The petition in this case was filed under Chapter 13 on May 20, 2009. Debtor scheduled a first mortgage in the approximate amount of $148,644 on the debtor's homestead as a secured claim on Schedule D, and the second mortgage on the home-

stead, in the approximate amount of $28,213 as a general unsecured creditor on Schedule F. Debtor's Chapter 13 Plan, filed on June 4, 2009, specifically provides that Debtor's second mortgage is to be treated as a general unsecured claim.

On October 6, 2009, BAC Home Loans Servicing, L.P., the holder of the second mortgage, filed Claim # 13, identifying the claim as secured by Debtor's real estate, in the approximate amount of $28,618.67. The debtor objected to the claim, and the objection and confirmation of the proposed plan were heard together on February 11, 2010. BAC Home Loans did not object to confirmation of the plan and did not respond to the claim objection. The Court overrules the debtor's objection to the claim, and denies confirmation of the debtors plan because the plan does not comply with the Bankruptcy Code.

## II

The debtor's sole objection to claim # 13 of BAC Home Loans, and his treatment of the claim as unsecured in the plan, is the assertion that the first mortgage is under-secured, leaving no equity for the second mortgage. The debtor argues that the claim is unsecured by application of 11 U.S.C. § 506(a). But, controlling law is *In re Sheryl Hughes,* 402 B.R. 325, (Bankr. Minn.2009), and the cases therein cited. Section 506(a) does not apply to claims secured only by a lien on a debtor's principal residence. *See* 11 U.S.C. § 1322(b)(2).

BAC Home Loans did not object to treatment of its claim as unsecured in the plan and did not respond to the debtor's objection to its filed claim. But, section "1325(a) instructs a bankruptcy court to confirm a plan only if the court finds, *inter alia,* that the plan complies with the 'applicable provisions' of the Code." *See United Student Aid Funds, Inc. v. Espinosa,* —— U.S. ——, —— – ——, 130 S.Ct. 1367,

1380–81, 176 L.Ed.2d 158 (2010). "Failure to comply with this self-executing requirement should prevent confirmation of the plan even if the creditor fails to object, or to appear in the proceeding at all." *Id.*

## III

For these reasons, the debtor's objection to claim # 13 of BAC Home Loans Servicing, L.P., must be overruled and confirmation of the debtor's plan must be denied.

Accordingly, it is hereby **ORDERED:**

1. The debtor's objection to claim # 13 of BAC Home Loans Servicing, L.P. is overruled; and,

2. Confirmation of the debtor's plan is DENIED.