(Slip Opinion) OCTOBER TERM, 2009 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## UNITED STUDENT AID FUNDS, INC. *v.* ESPINOSA

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 08–1134.   Argued December 1, 2009—Decided March 23, 2010

A plan proposed under Bankruptcy Code (Code) Chapter 13 becomes effective upon confirmation, see 11 U. S. C. §§1324, 1325, and will result in a discharge of the debts listed in the plan if the debtor completes the payments the plan requires, see §1328(a).  A debtor may obtain a discharge of government-sponsored student loan debts only if failure to discharge that debt would impose an "undue hardship" on the debtor and his dependents. §§523(a)(8); 1328.  Bankruptcy courts must make this undue hardship determination in an adversary proceeding, see Fed. Rule Bkrtcy. Proc. 7001(6), which the party seeking the determination must initiate by serving a summons and complaint on his adversary, see Rules 7003, 7004, 7008.  Respondent Espinosa's plan proposed repaying the principal on his student loan debt and discharging the interest once the principal was repaid, but he did not initiate the required adversary proceeding.  The student loan creditor, petitioner United, received notice of the plan from the Bankruptcy Court and did not object to the plan or to Espinosa's failure to initiate the required proceeding.  The Bankruptcy Court confirmed the plan without holding such a proceeding or making a finding of undue hardship.  Once Espinosa paid his student loan principal, the court discharged the interest.  A few years later, the Department of Education sought to collect that interest.  In response, Espinosa asked the court to enforce the confirmation order by directing the Department and United to cease any collection efforts.  United opposed the motion and filed a cross-motion under Federal Rule of Civil Procedure 60(b)(4), seeking to set aside as void the confirmation order because the plan provision authorizing discharge of Espinosa's student loan interest was inconsistent with the Code and the Bankruptcy Rules, and because United's due process rights were violated

when Espinosa failed to serve it with the required summons and complaint. Rejecting those arguments, the Bankruptcy Court granted Espinosa's motion in relevant part and denied the cross-motion. The District Court reversed, holding that United was denied due process when the confirmation order was issued without the required service. The Ninth Circuit ultimately reversed. It concluded that by confirming Espinosa's plan without first finding undue hardship in an adversary proceeding, the Bankruptcy Court at most committed a legal error that United might have successfully appealed, but that such error was no basis for setting aside the order as void under Rule 60(b)(4). It also held that Espinosa's failure to serve United was not a basis upon which to declare the judgment void because United received actual notice of the plan and failed to object.

*Held:*

    1. The Bankruptcy Court's confirmation order is not void under Rule 60(b)(4). Pp. 6–14.

        (a) That order was a final judgment from which United did not appeal. Such finality ordinarily would "stan[d] in the way of challenging [the order's] enforceability," *Travelers Indemnity Co.* v. *Bailey*, 557 U. S. ___, ___. However, Rule 60(b)(4) allows a party to seek relief from a final judgment that "is void," but only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. United's alleged error falls in neither category. Conceding that the Bankruptcy Court had jurisdiction to enter the confirmation order, United contends that the judgment is void because United did not receive adequate notice of Espinosa's proposed discharge. Espinosa's failure to serve the summons and complaint as required by the Bankruptcy Rules deprived United of a right granted by a procedural rule. United could have timely objected to this deprivation and appealed from an adverse ruling on its objection. But this deprivation did not amount to a violation of due process, which requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U. S. 306, 314. Here, United's actual notice of the filing and contents of Espinosa's plan more than satisfied its due process rights. Thus, Espinosa's failure to make the required service does not entitle United to relief under Rule 60(b)(4). Pp. 7–10.

        (b) Contrary to United's claim, the confirmation order is not void because the Bankruptcy Court lacked statutory authority to confirm Espinosa's plan absent an undue hardship finding under §523(a)(8). Such failure is not on par with the jurisdictional and notice failings

that define void judgments qualifying for Rule 60(b)(4) relief. Section 523(a)(8) does not limit a bankruptcy court's jurisdiction over student loan debts or impose requirements that, if violated, would result in a denial of due process. Instead, it requires a court to make a certain findings before confirming a student loan debt's discharge. 'That this requirement is " 'self-executing,' " *Tennessee Student Assistance Corporation* v. *Hood*, 541 U. S. 440, 450, means only that the bankruptcy court must make an undue hardship finding even if the creditor does not request one; it does not mean that a bankruptcy court's failure to make the finding renders its subsequent confirmation order void for Rule 60(b)(4) purposes. Although the Bankruptcy Court's failure to find undue hardship was a legal error, the confirmation order is enforceable and binding on United because it had actual notice of the error and failed to object or timely appeal. Pp. 10–14.

2. The Ninth Circuit erred in holding that bankruptcy courts must confirm a plan proposing the discharge of a student loan debt without an undue hardship determination in an adversary proceeding unless the creditor timely raises a specific objection. A Chapter 13 plan proposing such a discharge without the required determination violates §§1328(a)(2) and 523(a)(8). Failure to comply with this self-executing requirement should prevent confirmation even if the creditor fails to object, or to appear in the proceeding at all, since a bankruptcy court may confirm only a plan that, *inter alia,* complies with the "applicable provisions" of the Code. §1325(a). Neither the Code nor the Rules prevent parties from stipulating to the underlying facts of undue hardship or prevent the creditor from waiving service of a summons and complaint. Pp. 14–16.

3. Expanding the availability of Rule 60(b)(4) relief is not an appropriate prophylaxis for discouraging unscrupulous debtors from filing Chapter 13 plans proposing to dispense with the undue hardship requirement in hopes that the bankruptcy court will overlook the proposal and the creditor will not object. Such bad-faith efforts should be deterred by the specter of penalties that "[d]ebtors and their attorneys face . . . under various provisions for engaging in improper conduct in bankruptcy proceedings," *Taylor* v. *Freeland & Kronz*, 503 U. S. 638, 644. And Congress may enact additional provisions to address any difficulties should existing sanctions prove inadequate. Pp. 16–17.

553 F. 3d 1193, affirmed.

THOMAS, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 08–1134

UNITED STUDENT AID FUNDS, INC., PETITIONER *v.*
FRANCISCO J. ESPINOSA

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE NINTH CIRCUIT

[March 23, 2010]

JUSTICE THOMAS delivered the opinion of the Court.

Under Chapter 13 of the Bankruptcy Code (Code), a debtor may obtain a discharge of certain government-sponsored student loan debts only if failure to discharge that debt would impose an "undue hardship" on the debtor and his dependents. 11 U. S. C. §§523(a)(8), 1328. The Federal Rules of Bankruptcy Procedure require bankruptcy courts to make this undue hardship determination in an adversary proceeding, see Rule 7001(6), which the party seeking the determination must initiate by serving a summons and complaint on his adversary, see Rules 7003, 7004, 7008. The debtor in this case filed a plan with the Bankruptcy Court that proposed to discharge a portion of his student loan debt, but he failed to initiate the adversary proceeding as required for such discharge. The creditor received notice of, but did not object to, the plan, and failed to file an appeal after the Bankruptcy Court subsequently confirmed the plan. Years later, the creditor filed a motion under Federal Rule of Civil Procedure 60(b)(4) asking the Bankruptcy Court to rule that its order confirming the plan was void because the order was issued in

violation of the Code and Rules. We granted certiorari to resolve a disagreement among the Courts of Appeals as to whether an order that confirms the discharge of a student loan debt in the absence of an undue hardship finding or an adversary proceeding, or both, is a void judgment for Rule 60(b)(4) purposes.

I

Between 1988 and 1989, respondent Francisco Espinosa obtained four federally guaranteed student loans for a total principal amount of $13,250. In 1992, Espinosa filed a bankruptcy petition under Chapter 13. That Chapter permits individual debtors to develop a plan to repay all or a portion of their debts over a period of time specified in the plan. See *Nobelman* v. *American Savings Bank*, 508 U. S. 324, 327 (1993); see also §§301(a), 1321; Fed. Rule Bkrtcy. Proc. 3015(b). A proposed bankruptcy plan becomes effective upon confirmation, see §§1324, 1325, and will result in a discharge of the debts listed in the plan if the debtor completes the payments the plan requires, see §1328(a).

Espinosa's plan listed his student loan debt as his only specific indebtedness. App. 15–18. The plan proposed to repay only the principal on that debt, stating that the remainder—the accrued interest—would be discharged once Espinosa repaid the principal. *Id.,* at 26.

As the Federal Rules of Bankruptcy Procedure require, the clerk of the Bankruptcy Court mailed notice and a copy of Espinosa's plan to petitioner United Student Aid Funds, Inc. (United), the creditor to whom Espinosa owed the student loan debt.[1] *Id.,* at 34; see Rules 2002(b), (g)(2), 3015(d). In boldface type immediately below the caption,

---

[1] United is a guaranty agency that administers the collection of federally guaranteed student loans in accordance with regulations promulgated by the United States Department of Education. See, *e.g.*, 34 CFR §682.200 *et seq.* (2009).

the plan stated: "WARNING IF YOU ARE A CREDITOR YOUR RIGHTS MAY BE IMPAIRED BY THIS PLAN." *Id.,* at 23. The plan also noted the deadlines for filing a proof of claim or an objection to the plan. *Id.,* at 26–27.

United received this notice and, in response, filed a proof of claim for $17,832.15, an amount representing both the principal and the accrued interest on Espinosa's student loans. *Id.,* at 35. United did not object to the plan's proposed discharge of Espinosa's student loan interest without a determination of undue hardship, nor did it object to Espinosa's failure to initiate an adversary proceeding to determine the dischargeability of that debt.

In May 1993, the Bankruptcy Court confirmed Espinosa's plan without holding an adversary proceeding or making a finding of undue hardship. One month later, the Chapter 13 trustee mailed United a form notice stating that "[t]he amount of the claim filed differs from the amount listed for payment in the plan" and that "[y]our claim will be paid as listed in the plan." *Id.,* at 44. The form also apprised United that if United "wishe[d] to dispute the above stated treatment of the claim," it had the "responsibility" to notify the trustee within 30 days. *Ibid.* United did not respond to that notice.

In May 1997, Espinosa completed the payments on his student loan principal, as required by the plan. Shortly thereafter, the Bankruptcy Court discharged Espinosa's student loan interest.[2]

In 2000, the United States Department of Education commenced efforts to collect the unpaid interest on Espinosa's student loans.[3] In response, Espinosa filed a mo-

_____

[2] The discharge order contained an apparent clerical error that the courts below considered and addressed in adjudicating these proceedings. See n. 4, *infra.*

[3] After Espinosa completed payments under the plan, United assigned Espinosa's loans to the Department under a reinsurance agreement. After these proceedings began, United requested and received a

tion in 2003 asking the Bankruptcy Court to enforce its 1997 discharge order by directing the Department and United to cease all efforts to collect the unpaid interest on his student loan debt.

United opposed that motion and filed a cross-motion under Federal Rule of Civil Procedure 60(b)(4) seeking to set aside as void the Bankruptcy Court's 1993 order confirming Espinosa's plan. United made two arguments in support of its motion. First, United claimed that the provision of Espinosa's plan authorizing the discharge of his student loan interest was inconsistent with the Code, which requires a court to find undue hardship before discharging a student loan debt, §§523(a)(8), 1328(a), and with the Bankruptcy Rules, which require the court to make the undue hardship finding in an adversary proceeding, see Rule 7001(6). Second, United argued that its due process rights had been violated because Espinosa failed to serve it with the summons and complaint the Bankruptcy Rules require as a prerequisite to an adversarial proceeding. See Rules 7003, 7004, 7008.

The Bankruptcy Court rejected both arguments, granted Espinosa's motion in relevant part, denied United's cross-motion, and ordered all claimants to cease and desist their collection efforts. United sought review in the District Court, which reversed. That court held that United was denied due process because the confirmation order was issued without service of the summons and complaint the Bankruptcy Rules require.

Espinosa appealed to the Court of Appeals for the Ninth Circuit, which issued an initial *per curiam* opinion remanding the case to the Bankruptcy Court to consider correcting an apparent clerical error in its discharge order.[4] 530 F. 3d 895, 899 (2008). The Bankruptcy Court

---

recall of the loans from the Department. App. to Pet. for Cert. 63.

[4] The one-page discharge order contained a paragraph that purported

corrected the error, after which the Court of Appeals resubmitted the case and reversed the judgment of the District Court. The Court of Appeals concluded that by confirming Espinosa's plan without first finding undue hardship in an adversary proceeding, the Bankruptcy Court at most committed a legal error that United might have successfully appealed, but that any such legal error was not a basis for setting aside the confirmation order as void under Rule 60(b). 553 F. 3d 1193, 1198–1202 (2008).[5] In addition, the Court of Appeals held that although Espinosa's failure to serve United with a summons and complaint before seeking a discharge of his student loan debt violated the Bankruptcy Rules, this defect in service was not a basis upon which to declare the judgment void because United received actual notice of Espinosa's plan

_____

to exclude "'any debt . . . for a student loan'" from the discharge. 530 F. 3d 895, 896 (CA9 2008). That provision appeared irreconcilable with the confirmation order, which contemplated the discharge of the interest on Espinosa's student loan debt. Suggesting that the Bankruptcy Court may have automatically generated the discharge order without tailoring it to the terms of the confirmation order, the Court of Appeals remanded the case to the Bankruptcy Court to consider amending the discharge order to conform to the confirmation order. *Id.*, at 899; see Fed. Rule Civ. Proc. 60(a) (authorizing a court to "correct a clerical mistake or a mistake arising from oversight or omission"). On remand, the Bankruptcy Court found that the text of its discharge order excepting Espinosa's student loan debt from discharge "was inserted because of a clerical mistake" and struck that language from the order. App. 48.

Although certain *amici* press the point, United has not challenged the substance of the Bankruptcy Court's amendment to the order or asked us to consider whether such amendment was proper under Rule 60(a). See Brief for Petitioner 42; Reply Brief for Petitioner 20. Thus, we express no view on those issues. See *Kamen* v. *Kemper Financial Services, Inc.*, 500 U. S. 90, 97, n. 4 (1991) (noting that "we do not ordinarily address issues raised only by *amici*").

[5] In so doing, the Court of Appeals disagreed with two other Courts of Appeals. See *In re Mersmann*, 505 F. 3d 1033, 1047–1049 (CA10 2007) (en banc); *Whelton* v. *Educational Credit Management Corp.*, 432 F. 3d 150, 154 (CA2 2005).

and failed to object.  See *id.*, at 1202–1205.[6]

   We granted certiorari.  557 U. S. ___ (2009).

## II

   A discharge under Chapter 13 "is broader than the discharge received in any other chapter."  8 Collier on Bankruptcy ¶1328.01, p. 1328–5 (rev. 15th ed. 2008).  Chapter 13 nevertheless restricts or prohibits entirely the discharge of certain types of debts.  As relevant here, §1328(a) provides that when a debtor has completed the repayments required by a confirmed plan, a bankruptcy court "shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except," *inter alia*, "any debt . . . of the kind specified in [§523(a)(8)]."  §1328(a)(2).  Section 523(a)(8), in turn, specifies certain student loan debts "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents."[7]  As noted, the Bankruptcy Rules require a party

————————

   [6]Three Courts of Appeals have reached the opposite conclusion on similar facts.  See *In re Ruehle*, 412 F. 3d 679, 682–684 (CA6 2005); *In re Hanson*, 397 F. 3d 482, 486 (CA7 2005); *In re Banks*, 299 F. 3d 296, 302–303 (CA4 2002).

   [7]Section 523 provides:

   "(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

   .          .          .          .          .

   "(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—

   "(A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

   "(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

   "(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986,

seeking to determine the dischargeability of a student loan debt to commence an adversary proceeding by serving a summons and complaint on affected creditors. See *supra*, at 4. We must decide whether the Bankruptcy Court's order confirming Espinosa's plan is "void" under Federal Rule Civil Procedure 60(b)(4) because the Bankruptcy Court confirmed the plan without complying with these requirements.[8]

### A

The Bankruptcy Court's order confirming Espinosa's proposed plan was a final judgment, see *In re Optical Technologies, Inc.*, 425 F. 3d 1294, 1300 (CA11 2005), from which United did not appeal. Ordinarily, "the finality of [a] Bankruptcy Court's orders following the conclusion of direct review" would "stan[d] in the way of challenging [their] enforceability." *Travelers Indemnity Co.* v. *Bailey*, 557 U. S. \_\_\_, \_\_\_ (2009) (slip op., at 1–2). Rule 60(b), however, provides an "exception to finality," *Gonzalez* v. *Crosby*, 545 U. S. 524, 529 (2005), that "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances," *id.*, at 528. Specifically, Rule 60(b)(4)—the provision under which United brought this motion—authorizes the court to relieve a party from a final judgment if "the judgment is void."[9]

—————

incurred by a debtor who is an individual."

[8] Because United brought this action on a motion for relief from judgment under Rule 60(b)(4), our holding is confined to that provision. We express no view on the terms upon which other provisions of the Bankruptcy Rules may entitle a debtor or creditor to postjudgment relief.

[9] Subject to certain exceptions, Bankruptcy Rule 9024 makes Rule 60(b) applicable to Chapter 13 proceedings. One such exception provides that "a complaint to revoke an order confirming a plan may be filed only within the time allowed by" 11 U. S. C. §1330. Fed. Rule Bkrtcy. Proc. 9024. Section 1330(a) imposes a 180-day time limit for a party to seek revocation of a confirmation order "procured by

A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed. 1933); see also *id.,* at 1709 (9th ed. 2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally *id.,* §12. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.

"A judgment is not void," for example, "simply because it is or may have been erroneous." *Hoult* v. *Hoult,* 57 F. 3d 1, 6 (CA1 1995); 12 J. Moore et al., Moore's Federal Practice §60.44[1][a], pp. 60–150 to 60–151 (3d ed. 2007) (hereinafter Moore's). Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. *Kocher* v. *Dow Chemical Co.,* 132 F. 3d 1225, 1229 (CA8 1997); see Moore's §60.44[1][a], at 60–150. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. See *United States* v. *Boch Oldsmobile, Inc.,* 909 F. 2d 657, 661 (CA1 1990); Moore's

---

fraud." Courts of Appeals disagree as to whether a Rule 60(b)(4) motion should be treated as a "complaint to revoke" a plan subject to §1330's time limit and substantive limitation to motions based on fraud. Compare *Whelton*, 432 F. 3d, at 156, n. 2, with *In re Fesq*, 153 F. 3d 113, 119, and n. 8 (CA3 1998). We need not settle that question, however, because the parties did not raise it in the courts below. And even under a theory that would treat United's Rule 60(b)(4) motion as a "complaint to revoke" the plan, United's failure to file its motion within §1330(a)'s 180-day deadline and its failure to seek relief on the basis of fraud did not deprive those courts—and does not deprive us—of authority to consider the motion on the merits because those limitations are not jurisdictional. See *Arbaugh* v. *Y & H Corp.,* 546 U. S. 500, 515–516 (2006); *Reed Elsevier, Inc.* v. *Muchnick, ante,* at 12–13.

§60.44[1][a]; 11 C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure §2862, p. 331 (2d ed. 1995 and Supp. 2009); cf. *Chicot County Drainage Dist.* v. *Baxter State Bank*, 308 U. S. 371, 376 (1940); *Stoll* v. *Gottlieb*, 305 U. S. 165, 171–172 (1938).  The error United alleges falls in neither category.

1

Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction.  *Nemaizer* v. *Baker*, 793 F. 2d 58, 65 (CA2 1986); see, *e.g.*, *Boch Oldsmobile, supra*, at 661–662 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)).

This case presents no occasion to engage in such an "arguable basis" inquiry or to define the precise circumstances in which a jurisdictional error will render a judgment void because United does not argue that the Bankruptcy Court's error was jurisdictional.  Reply Brief for Petitioner 5, 11.  Such an argument would fail in any event.  First, §523(a)(8)'s statutory requirement that a bankruptcy court find undue hardship before discharging a student loan debt is a precondition to obtaining a discharge order, not a limitation on the bankruptcy court's jurisdiction.  See, *e.g.*, *Arbaugh* v. *Y & H Corp.*, 546 U. S. 500, 515–516 (2006).  Second, the requirement that a bankruptcy court make this finding in an adversary proceeding derives from the Bankruptcy Rules, see Rule Proc. 7001(6), which are "procedural rules adopted by the Court for the orderly transaction of its business" that are "not jurisdictional."  *Kontrick* v. *Ryan*, 540 U. S. 443, 454

(2004) (internal quotation marks omitted).

### 2

Although United concedes that the Bankruptcy Court had jurisdiction to enter the order confirming Espinosa's plan, United contends that the court's judgment is void under Rule 60(b)(4) because United did not receive adequate notice of Espinosa's proposed discharge of his student loan interest. Specifically, United argues that the Bankruptcy Court violated United's due process rights by confirming Espinosa's plan despite Espinosa's failure to serve the summons and complaint the Bankruptcy Rules require for the commencement of an adversary proceeding. We disagree.

Espinosa's failure to serve United with a summons and complaint deprived United of a right granted by a procedural rule. See Fed. Rule Bkrtcy. Proc. 7004(b)(3). United could have timely objected to this deprivation and appealed from an adverse ruling on its objection. But this deprivation did not amount to a violation of United's constitutional right to due process. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U. S. 306, 314 (1950); see also *Jones* v. *Flowers*, 547 U. S. 220, 225 (2006) ("[D]ue process does not require actual notice . . ."). Here, United received *actual* notice of the filing and contents of Espinosa's plan. This more than satisfied United's due process rights. Accordingly, on these facts, Espinosa's failure to serve a summons and complaint does not entitle United to relief under Rule 60(b)(4).

### B

Unable to demonstrate a jurisdictional error or a due

process violation, United and the Government, as *amicus*, urge us to expand the universe of judgment defects that support Rule 60(b)(4) relief. Specifically, they contend that the Bankruptcy Court's confirmation order is void because the court lacked statutory authority to confirm Espinosa's plan absent a finding of undue hardship. In support of this contention, they cite the text of §523(a)(8), which provides that student loan debts guaranteed by governmental units are not dischargeable "*unless*" a court finds undue hardship. 11 U. S. C. §523(a)(8) (emphasis added). They argue that this language imposes a "'self-executing' limitation on the effect of a discharge order" that renders the order legally unenforceable, and thus void, if it is not satisfied. Brief for Petitioner 23–24; Brief for United States as *Amicus Curiae* 18 (quoting *Tennessee Student Assistance Corporation* v. *Hood*, 541 U. S. 440, 450 (2004)). In addition, United cites §1325(a)(1), which instructs bankruptcy courts to confirm only those plans that comply with "the . . . applicable provisions" of the Code. Reading these provisions in tandem, United argues that an order confirming a plan that purports to discharge a student loan debt without an undue hardship finding is "doubly beyond the court's authority and therefore void." Brief for Petitioner 13.

We are not persuaded that a failure to find undue hardship in accordance with §523(a)(8) is on par with the jurisdictional and notice failings that define void judgments that qualify for relief under Rule 60(b)(4). As noted, §523(a)(8) does not limit the bankruptcy court's jurisdiction over student loan debts.[10] *Supra*, at 9–10; see

---

[10] Sections 1328(a) and 523(a)(8) provide that student loan debt *is* dischargeable in a Chapter 13 proceeding if a court makes a finding of undue hardship. In contrast, other provisions in Chapter 13 provide that certain other debts are *not* dischargeable under *any* circumstances. See, *e.g.*, §§523(a)(1)(B), (C) (specified tax debts); §523(a)(5) (domestic support obligations); §523(a)(9) (debts "caused by" the debtor's unlawful

*Hood*, 541 U. S., at 447 (noting that "[b]ankruptcy courts have exclusive jurisdiction over a debtor's property"). Nor does the provision impose requirements that, if violated, would result in a denial of due process. Instead, §523(a)(8) requires a court to make a certain finding before confirming the discharge of a student loan debt. It is true, as we explained in *Hood*, that this requirement is "'self-executing.'" *Id.,* at 450.[11] But that means only that the

—————

operation of a vehicle while intoxicated). We express no view on the conditions under which an order confirming the discharge of one of these types of debt could be set aside as void.

[11] The Government suggests that §523(a)(8)'s "self-executing" nature derives in part from the text of §523(a), which states that "[a] discharge under section 727 . . . or 1328(b) of this title *does not discharge* an individual debtor from any debt," including the student loan debts specified in paragraph (8) (emphasis added); see Brief for United States as *Amicus Curiae* 18; see also Reply Brief for Petitioner 1–2. That is not what we concluded in *Hood* and, in this case, would be irrelevant in any event.

In *Hood*, we described as "'self-executing'" paragraph (8)'s instruction that student loan debt not be discharged "unless" an undue hardship determination is made. 541 U. S., at 450. The "does not discharge" language in §523(a), which applies generally to every enumerated paragraph in that section—and to which we never referred in *Hood*—was not relevant to our analysis. That is evident from the authority we cited to support our description of §523(a)(8)'s condition as "'self-executing.'" *E.g.*, *id.,* at 450 (citing S. Rep. No. 95–989, p. 79 (1978), which states that "*[p]aragraph (8)* . . . is intended to be self-executing" insofar as "the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan" (emphasis added)).

In any event, the "does not discharge" language in §523(a) is inapplicable to this case. Section 523(a) provides that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of [the Code] does not discharge an individual debtor from" the debts described in §523(a)'s enumerated paragraphs. But Espinosa did not seek a discharge under "sections 727, 1141, 1228(a), 1228(b), or 1328(b)." He sought a discharge under §1328(a), which provides that, upon completion of a Chapter 13 plan, a bankruptcy court "shall grant the debtor a discharge of all debts provided for by the plan . . . , except any debt . . . of the kind specified in . . . paragraph . . . (5), *(8)*, or (9) of section 523(a)." (Empha-

bankruptcy court must make an undue hardship finding even if the creditor does not request one; it does not mean that a bankruptcy court's failure to make the finding renders its subsequent confirmation order void for purposes of Rule 60(b)(4).[12]

Given the Code's clear and self-executing requirement for an undue hardship determination, the Bankruptcy Court's failure to find undue hardship before confirming Espinosa's plan was a legal error. See Part III, *infra*. But the order remains enforceable and binding on United because United had notice of the error and failed to object or timely appeal.

United's response—that it had no obligation to object to Espinosa's plan until Espinosa served it with the summons and complaint the Bankruptcy Rules require, Brief for Petitioner 33—is unavailing. Rule 60(b)(4) does not provide a license for litigants to sleep on their rights. United had actual notice of the filing of Espinosa's plan, its contents, and the Bankruptcy Court's subsequent confirmation of the plan. In addition, United filed a proof of claim regarding Espinosa's student loan debt, thereby submitting itself to the Bankruptcy Court's jurisdiction with respect to that claim. See *Langenkamp* v. *Culp*, 498 U. S. 42, 44 (1990) *(per curiam)*. United therefore forfeited its arguments regarding the validity of service or the

—————

sis added). Section 1328(a) thus incorporates by reference *paragraph (8)* of §523(a), including that paragraph's self-executing requirement for an undue hardship determination, but does not incorporate the "does not discharge" text of §523(a) itself.

[12] United relies on our decisions in *United States ex rel. Wilson* v. *Walker*, 109 U. S. 258 (1883), and *Vallely* v. *Northern Fire & Marine Ins. Co.*, 254 U. S. 348 (1920), to argue otherwise. Those authorities are not controlling because they predate Rule 60(b)(4)'s enactment and because we interpreted the statutes at issue in those cases as stripping courts of *jurisdiction*—either over the parties, *id.*, at 354–356, or the res, *Wilson*, *supra,* at 265–266—and United concedes that the statutory limit in this case is not jurisdictional. See *supra*, at 9.

adequacy of the Bankruptcy Court's procedures by failing to raise a timely objection in that court.

Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute. Where, as here, a party is notified of a plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief. We thus agree with the Court of Appeals that the Bankruptcy Court's confirmation order is not void.

### III

In issuing its judgment, however, the Court of Appeals looked beyond the narrow question whether the Bankruptcy Court's order confirming Espinosa's plan was void under Rule 60(b)(4). It canvassed other bankruptcy court decisions within the Circuit that presented a different question—whether a bankruptcy court presented with a debtor's plan that proposes to discharge a student loan debt, in the absence of an adversary proceeding to determine undue hardship, should confirm the plan despite its failure to comply with the Code and Rules. The Court of Appeals noted that some Bankruptcy Courts had declined to confirm such plans "even when the creditor fail[ed] to object to the plan." 553 F. 3d, at 1205. The court disapproved that practice and overruled those cases, stating that bankruptcy courts *must* confirm a plan proposing the discharge of a student loan debt without a determination of undue hardship in an adversary proceeding unless the creditor timely raises a specific objection. *Ibid.* This, we think, was a step too far.

As Espinosa concedes, Tr. of Oral Arg. 31, 36, a Chapter 13 plan that proposes to discharge a student loan debt

without a determination of undue hardship violates §§1328(a)(2) and 523(a)(8). Failure to comply with this self-executing requirement should prevent confirmation of the plan even if the creditor fails to object, or to appear in the proceeding at all. See *Hood*, 541 U. S., at 450.[13] That is because §1325(a) instructs a bankruptcy court to confirm a plan only if the court finds, *inter alia*, that the plan complies with the "applicable provisions" of the Code. §1325(a) (providing that a bankruptcy court "shall confirm a plan" if the plan "complies with the provisions of" Chapter 13 and with "other applicable provisions of this title"); see *Johnson* v. *Home State Bank*, 501 U. S. 78, 87 (1991); see also §105(a) (authorizing bankruptcy courts to issue "any order, process, or judgment that is necessary or appropriate to carry out" the Code's provisions).[14] Thus, contrary to the Court of Appeals' assertion, the Code makes plain that bankruptcy courts have the authority—indeed, the obligation—to direct a debtor to conform his

---

[13] This is essential to preserve the distinction between Congress' treatment of student loan debts in §523(a)(8) and debts listed elsewhere in §523. Section 523(a)(8) renders student loan debt presumptively nondischargeable "unless" a determination of undue hardship is made. In contrast, the debts listed in §523(c), which include certain debts obtained by fraud or "willful and malicious injury by the debtor," §523(a)(6), are presumptively *dischargeable* "unless" the creditor requests a hearing to determine the debt's dischargeability. The Court of Appeals' approach would subject student loan debt to the same rules as the debts specified in §523(c), notwithstanding the evident differences in the statutory framework for discharging the two types of debt.

[14] In other contexts, we have held that courts have the discretion, but not the obligation, to raise on their own initiative certain nonjurisdictional barriers to suit. See *Day* v. *McDonough*, 547 U. S. 198, 202, 209 (2006) (statute of limitations); *Granberry* v. *Greer*, 481 U. S. 129, 134 (1987) (habeas corpus petitioner's exhaustion of state remedies). Section 1325(a) does more than codify this principle; it *requires* bankruptcy courts to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue.

plan to the requirements of §§1328(a)(2) and 523(a)(8).[15]

We are mindful that conserving assets is an important concern in a bankruptcy proceeding. We thus assume that, in some cases, a debtor and creditor may agree that payment of a student loan debt will cause the debtor an undue hardship sufficient to justify discharge. In such a case, there is no reason that compliance with the undue hardship requirement should impose significant costs on the parties or materially delay confirmation of the plan. Neither the Code nor the Rules prevent the parties from stipulating to the underlying facts of undue hardship, and neither prevents the creditor from waiving service of a summons and complaint. See Fed. Rule Bkrtcy. Proc. 7004; Fed. Rule Civ. Proc. 4(k). But, to comply with §523(a)(8)'s directive, the bankruptcy court must make an independent determination of undue hardship before a plan is confirmed, even if the creditor fails to object or appear in the adversary proceeding. See *supra*, at 12.

## IV

United argues that our failure to declare the Bankruptcy Court's order void will encourage unscrupulous debtors to abuse the Chapter 13 process by filing plans proposing to dispense with the undue hardship requirement in the hopes the bankruptcy court will overlook the proposal and the creditor will not object. In the event the objectionable provision is discovered, United claims, the debtor can withdraw the plan and file another without penalty.

We acknowledge the potential for bad-faith litigation tactics. But expanding the availability of relief under Rule

---

[15] Bankruptcy courts appear to be well aware of this statutory obligation. See, *e.g.*, *In re Mammel*, 221 B. R. 238, 239 (Bkrtcy. Ct. ND Iowa 1998) ("[W]hether or not an objection is presently lodged in this case, the Court retains the authority to review this plan and deny confirmation if it fails to comply with the confirmation standards of the Code").

Opinion of the Court

60(b)(4) is not an appropriate prophylaxis. As we stated in *Taylor* v. *Freeland & Kronz*, 503 U. S. 638 (1992), "[d]ebtors and their attorneys face penalties under various provisions for engaging in improper conduct in bankruptcy proceedings," *id.*, at 644; see Fed. Rule Bkrtcy. Proc. 9011. The specter of such penalties should deter bad-faith attempts to discharge student loan debt without the undue hardship finding Congress required. And to the extent existing sanctions prove inadequate to this task, Congress may enact additional provisions to address the difficulties United predicts will follow our decision.

\*    \*    \*

The judgment of the Court of Appeals for the Ninth Circuit is affirmed.

*It is so ordered.*