IN RE: Justin J. KOROTKO and Deniele R. Korotko, Debtors.

Ronda J. Winnecour, Chapter 13 Trustee, Plaintiff,

v.

Justin J. Korotko and Deniele R. Korotko, Defendants.

Case No. 13–20262–JAD
Adversary No. 15–2230–JAD

United States Bankruptcy Court, W.D. Pennsylvania.

Signed February 10, 2016

Ronda J. Winnecour, Pittsburgh, PA, for Plaintiff.

Justin J. Korotko, Pittsburgh, PA, pro se.

Deniele R. Korotko, Pittsburgh, PA, pro se.

### MEMORANDUM ORDER

Jeffery A. Deller, Chief U.S. Bankruptcy Judge

By this declaratory judgment action, the Chapter 13 Trustee is seeking "clarification" of the effective date in which this case was converted to a Chapter 7.

The order converting this case was dated October 27, 2015, and the conversion order does not provide for conversion *nunc pro tunc* to the date in which the notice of conversion was filed.

The conversion order was neither appealed nor was reconsideration ever sought as to the same. Thus, the conversion order appears to be a final order. *See e.g., In re Rosson,* 545 F.3d 764, 769–770 (9th Cir.2008); *cf. Bullard v. Blue Hillds Bank fka Hyde Park Savings Bank,* —— U.S. ——, 135 S.Ct. 1686, 191 L.Ed.2d 621 (2015)(noting that while denial of chapter 13 plan confirmation may not be an appealable final order, denial of confirmation coupled with dismissal is a final order as the

**132**

rights and obligations of the parties are altered).

Absent *nunc pro tunc* relief, it appears that the effective date of conversion is the date the order was signed (that is October 27, 2015). This is true even if the failure to provide *nunc pro tunc* relief was improvident in light of Fed.R.Bankr.P. 1017(f)(3). *See United Student Aid Funds., Inc. v. Espinosa.,* 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) (orders entered improvidently upheld as final orders and cannot be collaterally attacked).

It therefore appears that judgment should be entered that declares the effective date of conversion to be October 27, 2015.

Inasmuch as the defendants have not answered or otherwise taken a position with respect to the Chapter 13 Trustee's declaratory judgment action, the Court hereby ORDERS, ADJUDGES and DE-CREES that the effective date of conversion is October 27, 2015.

To the extent the defendants dispute the analysis set forth in this Order, the defendants may file a request for reconsideration so long as it is filed by no later than February 24, 2016. If a request is filed, the Court shall conduct a *de novo* review of this matter. If no such request is timely filed, this Order shall be deemed final without further action and the Clerk is directed at that time to take the appropriate steps to mark this adversary proceeding as closed.