[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14628
Non-Argument Calendar
_____

D.C. Docket No. 0:01-cv-07874-DTKH

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff - Appellee,

versus

J&J MANAGEMENT CONSULTING,
a.k.a. 1287769 Ontario Inc.,

and

CATERINA JOHNSON,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 3, 2016)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Caterina Johnson and J&J Management Consulting (J&J), a Canadian company wholly-owned by Ms. Johnson, appeal the district court's denial of their motion for relief from default judgment under Federal Rule of Civil Procedure 60. This case stems from a Securities and Exchange Commission (SEC) action against Paul Johnson—Ms. Johnson's son—and others for the fraudulent offer and sale of unregistered securities in Link Express Delivery Solutions, Inc., a company founded and run by Paul Johnson. The district court entered default judgments over twelve years ago against J&J and Ms. Johnson as "relief defendants," for receiving securities fraud proceeds from Paul Johnson. Ms. Johnson appeals that judgment for the second time. She proceeded pro se in the first appeal. This is J&J's first appeal.[1] The relevant facts are set forth in this court's previous opinion addressing Ms. Johnson's first appeal. *See S.E.C. v. Johnson*, 436 F. App'x 939 (11th Cir. 2011) (per curiam). Ms. Johnson and J&J make four arguments as to

---

[1] In the original appeal Ms. Johnson was barred from representing J&J Management pro se.

2

why the default judgment should be set aside.  We will address each argument in turn.[2]

Appellants first argue that the original court lacked jurisdiction over them because the money they received was not from Paul Johnson's securities fraud but from legitimate business transactions.  As such, there was no jurisdiction and the judgment is void under Federal Rule of Civil Procedure 60(b)(4).  The Supreme Court has stated "a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.  The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S. Ct. 1367, 1377 (2010) (citations omitted).  Here, while J&J and Ms. Johnson challenge some of Paul Johnson's proceeds, they both admit they retained a portion of those proceeds.  This admission is enough to reasonably confer jurisdiction and does not rise to the level of a "fundamental infirmity."  *See id*.

Appellants next argument is that failure to join J&J Business Management, Inc., a separate Florida corporation, renders the default judgment void under Rule 60(b)(4) due to a lack of jurisdiction.  This argument is meritless.  They do not cite

---

[2] A denial of a motion under Rule 60(b) is typically reviewed for abuse of discretion, but a denial of a motion under Rule 60(b)(4) is reviewed de novo. *See Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).

to any authority supporting such a contention. The alleged failure to join a third relief defendant does not affect the jurisdiction over either appellant and certainly does not rise to the level of a "fundamental infirmity." *See id.*

Appellants third argument is that the district court erred by entering judgment against them—relief defendants—before the liability of the wrongdoing defendant was adjudicated. This argument was raised by Ms. Johnson in her initial appeal and we dismissed the argument. *See Johnson*, 436 F. App'x at 945–46. We dismiss their attempt at the same argument here.

Appellants finally argue that the judgment is erroneous because it is larger than the amount ascribed to Paul Johnson—the wrongdoer defendant.[3] In contrast to other claims, timeliness is addressed here because the first two arguments were made under Rule 60(b)(4), which can be made at any time, whereas this claim is unrelated to Rule 60(b)(4). *Oakes v. Horizon Financial, S.A.,* 259 F.3d 1315, 1317 (11th Cir. 2001). All motions under Rule 60(b) other than those based on Rule 60(b)(4) must be made within a reasonable time. *See* Fed. R. Civ. P. 60(c). The district court entered a final judgment in Paul Johnson's case on June 21, 2007. J&J did not file a motion challenging its default judgment (which was entered on May 17, 2002) until February 27, 2015. Waiting over 7 years after the issue arose

---

[3] We note that the SEC stated in its brief that it will not attempt to recover from Paul Johnson, Ms. Johnson, and J&J more than the amount Paul Johnson has been ordered to disgorge—$1,505,850—despite the fact the default judgments against Ms. Johnson and J&J total $2.84 million. *See* SEC Br. 24 fn. 8.

and 13 years after default judgment was entered does not constitute a reasonable time under the circumstances.  And if this is the first time Ms. Johnson raises this issue, she similarly did not file within a reasonable time.  Alternatively, if she raised this issue in her earlier appeal, we are bound by the law-of-the-case doctrine.

Finding no merit in Appellants arguments, the district court's ruling is affirmed.

**AFFIRMED.**