[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12976
Non-Argument Calendar
_____

D.C. Docket No. 0:01-cv-07874-DTKH

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

PAUL R. JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 27, 2017)

Before MARCUS, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Paul R. Johnson appeals the denial of a 2015 motion to reduce a disgorgement award in a 2007 judgment.[1]  We affirm the denial of Johnson's motion, pursued under Rules 60(b)(4), (5) and 60(d)(1), Federal Rules of Civil Procedure.

## I.

We review de novo the denial of a Rule 60(b)(4) motion.  *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).  Under Rule 60(b)(4), a court can relieve a party from a void judgment, which is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. . . .  A judgment is not void, for example, simply because it is or may have been erroneous.  Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S. Ct. 1367, 1377 (2010) (citations omitted).  Moving under Rule 60(b)(4), Johnson argues only that the disgorgement amount was based on an incorrect factual finding that the investors affected by Johnson's securities violations lost 100% of

---

[1] In addition to arguing for a reduction of the disgorgement award, Johnson argues for an evidentiary hearing to investigate a violation by his former counsel of the district court's "asset freeze order."  However, Johnson fails to explain why he needs to re-open a case that the district court closed in 2007—and that the SEC filed against Johnson—to assert claims against his former counsel.

their investments.[2]  This argument, better suited for a direct appeal, fails to establish a "fundamental infirmity."  *See id.*

## II.

We review for abuse of discretion the denial of a motion under any subsection of Rule 60(b) other than subsection (4).  *Burke*, 252 F.3d at 1263.  Thus we review for abuse of discretion the district court's denial of Johnson's motion under Rule 60(b)(5), which allows a court to relieve a party from a judgment whose prospective application is "no longer equitable."  This language—"no longer equitable"—requires the movant to establish a change in circumstance.  *See Horne v. Flores*, 557 U.S. 433, 447, 129 S. Ct. 2579, 2593 (2009) ("The party seeking relief bears the burden of establishing that changed circumstances warrant relief . . . .").  Also, a Rule 60(b) motion "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

Johnson fails to explain, with a change in circumstance or other reason, the eight-year delay after the 2007 judgment in moving under Rule 60(b)(5).  Johnson's only relevant retort is that in 2009 this circuit denied his motion to appeal *in forma pauperis* based on a determination that his appeal was frivolous.

---

[2] Johnson argues that he was "deprived of due process" because the district court used "summary judgment to set an inflated disgorgement amount that contravenes the estoppel of the criminal judgment."  In less convoluted terms, Johnson argues that he was "deprived of due process" because of an inconsistent factual finding in parallel criminal and civil proceedings.  Such inconsistency alone does not implicate due process.  Johnson fails to identify a due process concern.

3

*See SEC v. Johnson*, No. 08-10473, slip op. at 1 (11th Cir. Jan. 15, 2009); *SEC v. Johnson*, No. 0:01-cv-7874, Doc. 358, slip op. at 1 (S.D. Fla. Feb. 25, 2008) (denying Johnson's motion in district court to appeal *in forma pauperis*).  The correct method of seeking relief then would have been to pay the appellate docket fee or to move for reconsideration of the denial of his motion to appeal *in forma pauperis*.  And Johnson fails to explain the six-and-a-half-year delay in moving for Rule 60(b) relief after the district court's and this circuit's denials of motions to appeal *in forma pauperis*.  The district court did not abuse its discretion by denying Johnson's Rule 60(b)(5) motion.

## III.

We review for abuse of discretion the denial of a motion under Rule 60(d), which states in subsection (1) that Rule 60 "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding."  An "independent action" is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata."  *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11th Cir. 2014) (citing *United States v. Beggerly*, 524 U.S. 38, 46, 118 S. Ct. 1862, 1867 (1998)); *see also Bankers Mortg. Co. v. United States*, 423 F.2d 73, 81 n.7 (5th Cir. 1970) ("Where the adverse party

4

is not prejudiced . . . a 60(b) motion may be treated as the institution of an independent action.").[3]

In identifying a gross injustice, we review for the existence of these factors:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

*Aldana*, 741 F.3d at 1359 (citations omitted). Moving under Rule 60(d), Johnson again argues that the disgorgement amount was based on an incorrect factual finding that the investors lost 100% of their investments. Disputing a district court's factual finding satisfies none of the five factors that help establish a gross injustice. The remainder of Johnson's arguments in support of his Rule 60(d) motion functions only to support his dispute of this factual finding. Each is an argument better suited for a direct appeal; none establish a gross injustice to Johnson. The district court did not abuse its discretion by denying Johnson's Rule 60(d) motion.

## IV.

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

Accordingly, we affirm. *See SEC v. J&J Management Consulting*, No. 15-14628, slip op. at 2 (11th Cir. Oct. 3, 2016) (affirming for a similar reason the denial of a Rule 60(b) motion by Caterina Johnson, who is Paul Johnson's co-defendant and mother, and J&J Management Consulting, which is Caterina Johnson's company).

**AFFIRMED.**