[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12046
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00466-MCR-CJK


MICHAEL A. EVANS,

Plaintiff - Appellant,

versus

TERRY L. RHODES,
Executive Director,
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR
VEHICLES,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 27, 2018)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Michael A. Evans, proceeding *pro se*, appeals the district court's order denying his Federal Rule of Civil Procedure 60(b)(4) motion for relief from a void judgment. He also appeals the district court's denial of his Rule 59(e) motion to alter or amend that order. We affirm.

## I.

Evans filed a 42 U.S.C. § 1983 complaint against Terry Rhodes in her official capacity as the Executive Director of the Florida Department of Highway Safety and Motor Vehicles (the "Department"). In his complaint, he alleged that he was deprived of due process of law because the Department suspended his driver's license without affording him a pre-suspension hearing. The district court granted summary judgment to the Department, and we affirmed. *See Evans v. Rhodes*, No. 16-16936, 2018 WL 2383015 (11th Cir. May 25, 2018) (unpublished).

While his appeal of the summary judgment order was pending in this court, Evans filed with the district court a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4). In the motion, Evans argued that the underlying grant of summary judgment was void because the district court had acted in a manner inconsistent with due process of law or in excess of its jurisdiction. The

2

district court denied Evans's motion, explaining that "no grounds exist[ed] for finding the judgment void." Doc. 39 at 1.[1]

Evans then filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), asking the court to reconsider its order denying his Rule 60(b)(4) motion. Evans argued in the Rule 59(e) motion that the court had committed an error of law by failing to state definitively whether the summary judgment order was void. The district court denied the motion, explaining, "[f]or the sake of clarification," that its "prior [o]rder stating that there are no grounds for finding the judgment void in fact was a determination . . . that the judgment is *not* void." Doc. 41 at 1. In its order, the court also cited *Michael Linet, Inc., v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005), for the proposition that Rule 59(e) may not be used to relitigate old matters. Evans timely appealed the orders denying his Rule 60(b)(4) and Rule 59(e) motions.

## II.

We review *de novo* the denial of a Rule 60(b)(4) motion to set aside a judgment for voidness. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736 (11th Cir. 2014). We review the denial of a Rule 59(e) motion for an abuse of discretion. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1317 (11th Cir. 2013).

---

[1] Citations to "Doc. #" refer to the numbered district court docket entries.

3

III.

Evans argues that the district court erred in denying his Rule 60(b)(4)

motion.  Rule 60(b)(4) authorizes the district court to relieve a party from a final

judgment if that judgment is void.  *See United Student Air Funds, Inc. v. Espinosa*,

559 U.S. 260, 270 (2010).  "A judgment is not void . . . simply because it is or may

have become erroneous."  *Id.* (internal quotation marks omitted).  Rather, a

judgment may be set aside as void where the issuing court lacked jurisdiction or

acted in a manner inconsistent with due process, such that a party was deprived of

notice or an opportunity to be heard.  *Stansell*, 771 F.3d at 736-37.

According to Evans, the district court's order granting summary judgment to

the Department is void because it erroneously determined that the Florida statute

under which his driver's license was suspended had not deprived him of due

process of law.  Evans has failed to show that the *district court* acted in a manner

inconsistent with due process, however.  Nor has he shown that the court lacked

jurisdiction.  *See id.*  The fact that Evans believes the district court's order granting

summary judgment to the Department was wrongly decided does not make that

order void.  *Espinosa*, 559 U.S. at 270.  Further, we previously have considered

and rejected Evans's argument regarding the merits of summary judgment in favor

of the Department.  *See Evans*, 2018 WL 2383015, at *2-3 (concluding that the

statute under which Evans's driver's license was suspended did not violate the Due

4

Process Clause).  The district court thus properly denied Evans's Rule 60(b)(4) motion.

Evans also argues that the district court abused its discretion by denying his Rule 59(e) motion.  Rule 59(e) allows a party to move to alter or amend a judgment in a civil case; a motion under Rule 59(e) may be granted on the grounds of newly discovered evidence or manifest errors of law or fact.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  Evans insists that the district court's citation to *Linet* for the proposition that Rule 59(e) cannot be used to relitigate old matters, 408 F.3d at 763, was erroneous because he had not argued old matters in his motion.  But the court specifically addressed the argument Evans did make— that the court had failed to say conclusively in its order denying his Rule 60(b)(4) motion whether the judgment was void—and resolved it by clarifying that the judgment was "*not* void."  Doc. 41 at 1.  More importantly, the district court made no error of law in its denial of Evans's Rule 60(b)(4) motion.  The court thus had no grounds for granting Evans's Rule 59(e) motion and did not commit an abuse of discretion in denying it.

## IV.

For the reasons set forth above, we affirm the district court's denial of Evans's motions.

**AFFIRMED.**