[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-11355

Non-Argument Calendar

_____

U.S. COMMODITY FUTURES TRADING COMMISSION,

Plaintiff-Appellee,

*versus*

MICHAEL ALCOCER,

Defendant-Appellant,

INOVATRADE, INC.,

Defendant.

—————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:12-cv-23459-JAL

—————————————

Before LAGOA, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

The District Court entered a final default judgment against Appellant in this case on April 5, 2013. On September 19, 2017, Appellant moved the District Court to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b). The District Court denied it on June 26, 2018. Appellant moved the District Court for the same relief again on February 20, 2020, and the Court denied his motion on March 23, 2020. On April 2, 2020, Appellant moved for the District Court to reconsider its order from March 23, 2020. Appellant then appealed the decision on April 8, 2020. The District Court denied the motion on April 28, 2020, and on May 8, 2020, Appellant filed an amended notice of appeal.

The issue for us to decide is whether the District Court abused its discretion in refusing to grant a Rule 60(b) motion to set aside a default judgment entered seven years after the entry of the judgment and two years after the denial of Appellant's earlier motion to vacate the judgment—where there has been no intervening change in the law or facts, no justification for the delay, and the

20-11355              Opinion of the Court                    3

arguments for granting the motion are meritless. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275, 130 S. Ct. 1367, 1377 (2010). ("Rule 60(b)(4) does not provide a license for litigants to sleep on their rights."). There is no abuse of discretion here.

**AFFIRMED.**