**In re Patricia Ann SMITH, Debtor.**

**No. 8:09–bk–07471–CPM.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 6, 2011.

Richard B. Feinberg, Patrick R. Smith, PR Smith Law Group, PA, Tampa, FL, for Debtor.

*AMENDED ORDER AND MEMORANDUM OPINION* [1] *GRANTING MOTION TO APPROVE EARLY PAYOFF*

CATHERINE PEEK McEWEN, Bankruptcy Judge.

At the heart of the instant dispute before the Court lies the meaning of the old proverb "a bird in the hand is worth two in the bush." The contested matter to which this maxim applies arises from the Debtor's Motion to Approve Early Payoff of

---

1. This Amended Order is consistent with the oral ruling this Court rendered on January 26, 2011, in open court, which ruling is adopted by reference in the original Order Granting Motion for Approval of Early Payoff of Chapter 13 Plan (Doc. 44). This Amended Order is offered as a more thorough explana-

tion of the rationale of the ruling. *See Silverthorne v. Laird,* 460 F.2d 1175, 1178–79 (5th Cir.1972) (filing of appeal does not divest lower court of its ability to enter an order memorializing its ruling and amplifying the lower court's views).

Chapter 13 Plan and Request for Additional Presumptively Reasonable Fee (the "Motion for Early Payoff") (Doc. 35), heard on January 26, 2011. The Motion for Early Payoff seeks Court approval for the Debtor to complete her Chapter 13 plan earlier than the statutorily mandated "applicable commitment period" under 11 U.S.C. § 1325(b)(4) by immediate payment of a lump sum equal to the amount due to her creditors under the Court's Order Confirming Plan (the "Confirmation Order") (Doc. 25).

The proverb recited above stands for the proposition that a favorable outcome that is certain today is better than the mere possibility of a more favorable outcome in the future,[2] or, stated differently, "[t]he things we already have are more valuable than the things we only hope to get."[3] Yet the sole objecting party in this dispute, the Chapter 13 trustee (the "Trustee"), urges that the unsecured creditors in this case cannot choose certainty and must be satisfied with the "birds in the bush." The Court rejects the Trustee's position and determines that unsecured creditors can elect to receive an early payout as long as they receive adequate notice of the possible adverse consequences of such election and are given an opportunity to be heard.

### Jurisdiction

The Court has jurisdiction over the parties and this core contested matter pursuant to 28 U.S.C. § 157(a), (b)(1), and (b)(2)(O), and 28 U.S.C. § 1334(a) and (b).

### Factual and Procedural Background

The Court approved the Debtor's Chapter 13 plan on August 13, 2009. The Confirmation Order directed the Debtor to make monthly plan payments to the Trustee for 60 consecutive months—the applicable commitment period for her case—in the amount of $320 for the first two months and $328 for the remaining 58 months. The Motion for Early Payoff, which the Debtor filed on November 15, 2010, explains that the Debtor had lost her job on May 4, 2010, was currently unemployed, and had provided the Trustee with the funds necessary to pay off the amount due under the plan using monies from the Debtor's retirement account, an exempt asset. The Motion for Early Payoff includes the negative notice legend prescribed by Local Rule 2002–4, which states that if no objections are served within 30 days from the date the motion is entered on the docket, the Court may grant the motion without a hearing. M.D. Fla. LBR 2002–4. In addition, in bold capital letters, the Motion for Early Payoff stated:

**THE UNSECURED CREDITORS ARE ADVISED THAT THE GRANTING OF THIS MOTION WILL DEPRIVE THEM OF A POTENTIALLY HIGHER DIVIDEND IN THE EVENT THAT THE DEBTOR HAS AN INCREASE IN DISPOSABLE INCOME OVER THE ORIGINAL SIXTY (60) MONTH TERM OF THE CONFIRMED PLAN.**

No timely objections were filed. Notwithstanding that the Court could have granted the Motion for Early Payoff without a hearing under the negative notice provision in it, the Court, out of an abundance of caution under the circumstances, set the motion for a hearing. At the hearing, the Trustee objected to the Motion for Early Payoff on behalf of the Debtor's unsecured creditors citing *In re Tennyson*, 611 F.3d 873 (11th Cir.2010).

---

**2.** *McGraw–Hill Dictionary of Idioms and Phrasal Verbs* (2002), *from www.idioms.thefree dictionary.com/bird + in + the + hand + is + worth + two + in + bush.*

**3.** *The American Heritage New Dictionary of Cultural Literacy,* (3rd Ed. 2005), *from www. dictionary.reference.com/browse/a + bird + in + the + hand + is + worth + two + in + the + bush.*

## Issue

The issue before the Court is whether *Tennyson* requires the Court to deprive unsecured creditors of the option to elect the certain outcome of an immediate pay-out of the funds due to them under a debtor's Chapter 13 plan and force them, instead, to accept the uncertainty of the receipt of plan payments over the remaining life of the plan.

## Discussion

The Trustee takes the position that the decision of the United States Court of Appeals for the Eleventh Circuit in *Tennyson* controls and that *Tennyson* requires the Debtor to stay in her Chapter 13 case for the full applicable commitment period of five years. Of course, there is no dispute that Eleventh Circuit authority is mandatory in this Court. *See, e.g., In re Pearlman*, 2011 WL 1783842, \*2 (Bankr. M.D.Fla.) (recognizing Eleventh Circuit Court of Appeals decision as binding precedent). But the facts of *Tennyson* are distinguishable from the facts in this case. *Tennyson* involved an objection to confirmation of a proposed Chapter 13 plan where a debtor proposed a plan that would last for three years and would not result in 100 percent payment of unsecured claims. The court reviewed 11 U.S.C. § 1325(b)(1) of the Bankruptcy Code, which states that if a trustee or holder of an allowed unsecured claim objects to *confirmation of a plan*, the court *may not approve the plan* unless, as of the effective date of the plan: (A) the value of the property to be distributed under the plan is not less than the amount of such claim; or (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period will be ap-

plied to make plan payments to unsecured creditors. (Emphasis added.) The court also reviewed 11 U.S.C. § 1325(b)(4), under which, for purposes of § 1325(b), the term "applicable commitment period" is defined as not less than five years if the debtor's income is above the applicable state median income for the debtor's household size. The debtor's income in *Tennyson* was above the state median income for the debtor's household size.

Relying on the plain meaning of these cited provisions, the court in *Tennyson* concluded that the bankruptcy court could not confirm a proposed three-year plan for an above-median-income debtor where the plan did not provide for full payment to unsecured creditors. *Tennyson*, 611 F.3d at 880. In so ruling, the court found that the "applicable commitment period" is a temporal term describing the minimum duration of a Chapter 13 debtor's plan. *Id.*

Unlike *Tennyson*, the present case does not involve an objection to confirmation of a Chapter 13 plan, and the Court declines the Trustee's invitation to extend *Tennyson* to the facts of this case. Here, the Debtor's plan has already been confirmed and the Court is considering the Debtor's Motion for Early Payoff.[4]

At the time the Debtor filed her Motion for Early Payoff, she had been unemployed for six months. In order to fulfill all of her future plan obligations in one, present lump sum payment, the Debtor withdrew funds from her exempt retirement account. Because this account is exempt and, therefore, outside the reach of the Debtor's creditors, the account funds would never be available to pay off her unsecured creditors without her having voluntarily offered to use these funds for

---

4. The Court is not aware of any decision extending *Tennyson* to a motion for an early payoff. *But see In re Buck*, 443 B.R. 463 (Bankr.N.D.Ga.2010) (extending *Tennyson* to

consideration of motion for chapter 13 plan modification, where the debtor sought to shorten the duration of a confirmed plan from five years to three years).

such purpose. The Motion for Early Payoff, in effect, gives the Debtor's unsecured creditors the option of accepting immediate payment of the total amount owed to them under the plan in lieu of continuing to receive deferred payments in monthly increments over the remaining life of the plan with the mere possibility that the payment amount could later increase. *Tennyson* makes no reference to an option of this nature.

Critical to this Court's ruling is the notice given to unsecured creditors. As noted above, the Motion for Early Payoff clearly explains to unsecured creditors that if the Court were to grant the motion, they would be deprived of the potentially higher dividend that might be realized should the Debtor's income increase during the original 60–month term of the plan. The significance of adequate notice was highlighted by the Supreme Court's decision last year in *United Student Aid Funds, Inc. v. Espinosa*, —— U.S. ——, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) (because the complaining creditor received actual notice of the filing and contents of the debtor's plan, the creditor's due process rights were satisfied, and the bankruptcy court's order confirming the plan was not void even though it allowed discharge of a student loan without a finding of undue hardship, in violation of 11 U.S.C. § 523(a)(8)).

Here, after receiving notice—in bold capital letters—of the consequences of allowing the Debtor to pay off her plan early, the Debtor's unsecured creditors, by their silence, essentially voted with their wallets and opted to receive immediate payment. Apparently, no creditor wanted to gamble today's "bird in hand" on the possibility of receiving a higher payout upon the plan's completion at the end of the commitment period. While the Court is not privy to the reasons behind the unsecured creditors' lack of opposition to an early payout, the Court can at least reasonably infer that the certainty of payment, coupled with the time value of money, influenced their decision. Moreover, in light of the Debtor's reported loss of income and continued unemployment, the unsecured creditors may have also feared the possibility that longterm unemployment could result in the Debtor's defaulting on future plan payments, or seeking a downward modification of those payments, or abandoning her plan altogether by a voluntary dismissal or conversion to a Chapter 7 case. Whatever their reasons, the unsecured creditors made an economic decision not to oppose the Debtor's Motion for Early Payoff.

The only opposition to the Motion for Early Payoff came from the Trustee who, at the hearing, objected on behalf of the Debtor's unsecured creditors. The only reason cited by the Trustee in support of his objection was the possibility that the Debtor could become re-employed during the original term of the plan and receive future tax refunds. The Trustee failed, however, to offer any compelling justification under the facts of this case for the Court to deny the unsecured creditors the benefit of their informed decision to choose what they must consider the better deal, i.e., the "bird in the hand." To the extent that the Trustee's position relies on a presumption that requiring a debtor to perform under a confirmed chapter 13 plan for the full "applicable commitment period" under § 1325(b)(4) will always result in the maximum possible recovery for unsecured creditors, this Court rejects such a presumption. Neither the Trustee nor the Court has the clairvoyance to predict or presume what the future holds for a given debtor.

The Court began this opinion with a proverb and now closes with a twist on a

different proverb: The grass is not always greener on the other side of an applicable commitment period, and the Trustee cannot guarantee that it will be.

### Conclusion

The Court finds that *Tennyson* does not control the facts of this case because that case dealt with Chapter 13 plan confirmation. In the present case, the Debtor's Motion for Early Payoff offers payment of all obligations owed under the Debtor's confirmed Chapter 13 plan in one, present lump sum, and it provides adequate notice of the consequences of such a pay off. The Debtor's unsecured creditors have chosen to receive immediate payment of the full amount owed under the Debtor's Chapter 13 plan in lieu of receiving an uncertain, albeit possibly greater, amount through future incremental payments. The Court concludes, based on the facts of this case, and notwithstanding the objection raised by the Trustee, that the Debtor's proposed early payoff serves the best interests of creditors and that the Motion for Early Payoff should, therefore, be granted.

Accordingly, it is

**ORDERED** that:

1. The Debtor's Motion for Early Payoff is GRANTED.

2. The Trustee's objection to the Motion for Early Payoff is OVERRULED.

3. The Debtor may pay the amount necessary to complete her Chapter 13 Plan earlier than the 60 months contemplated in the Confirmation Order.

4. An additional fee of $375 is awarded to P.R. Smith Law Group, P.A., for prosecuting this matter, and the fee is allowed as an administrative priority.

**DONE and ORDERED.**