**In re Nicholas PHILE, Debtor.**

**No. 11–12017.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Sept. 27, 2011.

252

David J. Hoff, David A. Kruer, David Kruer & Co., LLC, West Chester, OH, for Debtor.

### ORDER REGARDING CONFIRMATION OF CHAPTER 13 PLAN

BETH A. BUCHANAN, Bankruptcy Judge.

The Debtor seeks to use plan confirmation as a final determination that he owes no domestic support obligation to his former spouse and that any debt that the Debtor may owe to his former spouse as a result of the parties' divorce decree and separation agreement is in the nature of property division and, therefore, is dischargeable debt. This Court finds that the proposed plan and the record before this Court do not provide sufficient evidence for this Court to determine that no "domestic support obligation" is owed by the Debtor to the Debtor's former spouse as the Debtor avers in his proposed plan. Further, this Court concludes that plan confirmation is not the mechanism contemplated by the Bankruptcy Code and the Bankruptcy Rules to determine the dis-

chargeability of debts of this nature.[1]

## I. BACKGROUND.

This matter is before this Court for confirmation of the Debtor's proposed *First Amended Chapter 13 Plan* [Docket Number 28] (the *"Proposed Plan"*). Paragraph 30(e) of the Debtor's Proposed Plan, provides as follows:

e. No domestic support obligation under 11 U.S.C. 101(14A) is owed by the Debtor to the Creditor, the Debtor's former spouse, Katherine Lea Phile, because: 1) the Divorce Decree (a full copy filed of record at Doc DR1000317 expressly states at Paragraph IV that "each party waives any and all right to receive present and future spousal support from the other. The Court shall not retain continuing jurisdiction to modify support in the future"); and 2) the hold harmless obligations of the Debtor created in the property division section of the separation agreement are not in the nature of alimony, maintenance, or support, but rather are a division of marital property and/or marital debt. Such a result is consistent with the holding of *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1109 (6th Cir. 1983) which dealt with hold harmless provisions of a divorce decree and 11 U.S.C. 101(14A)(B) being viewed as one

of the four required elements for a domestic support obligation to arise. *See In re Cuzzone*, S. Dist. Ohio Bankruptcy case no: 09–15408 (Judge Perlman, 1/28/2010); *In re Schweitzer*, 370 B.R. 145 (Bankr.S.D.OH, June 2007); *In re Lopez*, 405 B.R. 382, 384 (Bankr.S.D.FL, April 2009); *In re Tinnell*, 2009 WL 1664581 (Bankr.D.Neb., June 2009); *In re Greco*, 397 B.R. 102, 106 (Bankr. N.D.IL, Nov. 2008). As a consequence, any obligation described above and owed by the Debtor to the subject Creditor shall be classified as a general unsecured claim and discharged upon successful completion of the plan of reorganization.

This Court, *sua sponte*, set confirmation of the Debtor's Proposed Plan for hearing. The Debtor was asked to address whether plan confirmation is the appropriate means to determine whether the debt described is Paragraph 30(e) of the Proposed Plan is dischargeable, and whether further evidence is required to be presented to make such determination.[2] A hearing was held on July 19, 2011. Counsel for the Debtor and the Chapter 13 Trustee appeared at the hearing.

The Debtor and the Chapter 13 Trustee both support including a provision such as Paragraph 30(e) of the Proposed Plan or similar language in a Chapter 13 plan

---

1. References to the *"Bankruptcy Code"* are to *11 U.S.C. § 101 et seq.* References to the *"Bankruptcy Rules"* are to the Federal Rules of Bankruptcy Procedure.

2. The Debtor was similarly asked to address the legal implications of Paragraph 30(f) of the Proposed Plan, which provides:

Co-signed claims of North Star Mortgage LLC and U.S. Bank to be paid in accordance with plan provision 1(C) and 25 as general unsecured claim no co-debtor protections.

Counsel clarified at the hearing that this language is intended to indicate that North Star

Mortgage LLC and U.S. Bank will be paid the 1% distribution payable to all holders of allowed unsecured claims and that no additional payments will be made to the co-debtor, as may be permitted by Section 1322(b)(1) of the Bankruptcy Code, as additional sources of payment for the obligations to these creditors. This Court finds this explanation acceptable. In the event that the Debtor files a modified plan as a result of this Court's decision regarding Paragraph 30(e), the Court requests that the Debtor also modify Paragraph 30(f) to clarify to intended meaning of the "no co-debtor protection" reference.

where potential domestic support obligations may be at issue. They contend that plan provisions of this nature facilitate the chapter 13 process by encouraging a former spouse or domestic support obligee to "come to the table" during the plan confirmation stage to resolve potential disputes relating to priority and dischargeability of debts arising from a dissolution or divorce proceeding. The Debtor and the Chapter 13 Trustee argue that a provision such as Paragraph 30(e) of the Proposed Plan would be binding on a former spouse or domestic support obligee pursuant to Section 1327(a) of the Bankruptcy Code upon confirmation of a plan. Accordingly, they posit that a provision such as Paragraph 30(e) of the Proposed Plan brings greater certainty to the plan process by avoiding later claims by a former spouse or domestic support obligee of non-dischargeable priority domestic support obligations, which claims could disrupt the Debtor's ability to complete payments under the plan or otherwise alter the distributions to non-priority unsecured creditors.

The Debtor further contends that the Proposed Plan can be confirmed because it meets the requirements of Section 1325(a) of the Bankruptcy Code, notwithstanding that the dischargeability of the debt to the Debtor's former spouse will not be adjudicated in an adversary proceeding as required by the Bankruptcy Rules 4007 and 7001(6). The Debtor asserts that Section 1325(a) of the Bankruptcy Code requires only compliance with the Bankruptcy Code and not the Bankruptcy Rules.

## II. *Discussion.*

■■■ Even though no party in interest—including the Debtor's former spouse—objected to the terms of Paragraph 30(e) in the Proposed Plan, this Court has an affirmative obligation to independently review the Proposed Plan to ensure that the terms of the Proposed Plan comply with the applicable provisions of the Bankruptcy Code. "[T]he [Bankruptcy] Code makes plain that bankruptcy courts have the authority—indeed, the obligation—to direct a debtor to conform his plan to the requirements of [the Bankruptcy Code]. [Specifically,] Section 1325(a) [of the Bankruptcy Code] ... requires bankruptcy courts to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue." *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 130 S.Ct. 1367, 1381 and n. 14, 176 L.Ed.2d 158 (2010); *see also, In re Carlton,* 437 B.R. 412, 417 (Bankr.N.D.Ala. 2010) ("After *Espinosa* there can be no doubt about a bankruptcy court's authority and responsibility to deny confirmation of an offending plan although the creditor who would suffer the consequences of confirmation fails to object.").

In this context, Paragraph 30(e) of the Proposed Plan raises two questions for this Court's consideration. The first query is substantive—can this Court determine that no domestic support obligation is owed by the Debtor to the Debtor's former spouse as the Debtor states in the Proposed Plan based on the information provided in the Proposed Plan and the record before this Court? The second is procedural—does making such determination through the plan confirmation process comport with the letter and spirit of the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules relating to dischargeability determinations for obligations arising out of a marital relationship or in the course of a divorce or separation?

### A. *Determination Regarding The Existence (Or Lack Thereof) Of A Domestic Support Obligation*

■■■ Domestic support obligations are excepted from discharge in a Chapter 13

proceeding. *See* 11 U.S.C. §§ 523(a)(5) and 1328(a)(2). In general terms, a "domestic support obligation" is an obligation arising out of a marital relationship or in the course of a divorce or separation that is in the nature of alimony, maintenance and support.[3] 4–523 *Collier on Bankruptcy* ¶ 523.11 (2011). In contrast, other types of obligations arising out of marital relationship or in the course of a divorce or separation—commonly referred to as property settlement obligations—while non-dischargeable in cases under Chapters 7, 11 and 12 of the Bankruptcy Code[4] ordinarily are dischargeable debts in a Chapter 13 proceeding. *See* 11 U.S.C. § 1328(a)(2); *but see* 11 U.S.C. § 1328(c)(2) (as pertains to a hardship discharge under § 1328(b) of the Bankruptcy Code). Furthermore, a debtor cannot receive a discharge unless the debtor certifies that all amounts due and payable with respect to a domestic support obligation upon completion of the confirmed plan have been paid. *See* 11 U.S.C. § 1328(a). Accordingly, the distinction between a do-

mestic support obligation and other types of obligations arising out of a marital relationship or in the course of a divorce or separation may have significant consequences in a Chapter 13 proceeding.

The determination of whether an obligation is a domestic support obligation is one of federal bankruptcy law, although state law should be consulted for guidance. *See Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1107–08 (6th Cir.1983). To determine whether obligations not specifically designated as alimony, maintenance or support are in the nature of alimony, maintenance or support, this Court must conduct the following four-step analysis:

> First, the obligation constitutes support only if the state court or parties intended to create a support obligation. Second, the obligation must have the actual effect of providing necessary support. Third, if the first two conditions are satisfied, the court must determine if the obligation is so excessive as to be unrea-

---

**3.** The Bankruptcy Code defines a "domestic support obligation" as:

"a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

**4.** Section 523(a)(15) of the Bankruptcy Code excepts from discharge any debt of an individual debtor:

"to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit."

11 U.S.C. § 523(a)(15).

sonable under traditional concepts of support. Fourth, if the amount is unreasonable, the obligation is dischargeable to the extent necessary to serve the purposes of federal bankruptcy law.

*Fitzgerald v. Fitzgerald (In re Fitzgerald)*, 9 F.3d 517, 520 (6th Cir.1993) (citing *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1109–10 (6th Cir.1983)).[5]

■ In determining the intent to create a support obligation, a bankruptcy court may look to traditional state law indicia that are consistent with support obligations, including, but not limited to:

(1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits, (4) the nature of the obligations assumed; (5) the structure and language of the parties' agreement or the court's decree; (6) whether other lump sum or periodic payments were also provided; (7) the length of the marriage; (8) the age, health and work skills of the parties; (9) whether the obligation terminates upon the death or remarriage of the parties; (10) the adequacy of support absent the debt assumption; and (11) evidence of negotiations or other understandings as to the intended purposes of the assumption.

*Brooks v. Brooks (In re Brooks)*, 2007 WL 540786 at *5–6, 2007 Bankr.LEXIS 552 at *17 (Bankr.E.D.Tenn. Feb. 15, 2007) (citing *Sorah*, 163 F.3d at 401; *Luman v. Luman (In re Luman)*, 238 B.R. 697, 706 (Bankr.N.D.Ohio 1999); *Crawford v. Osborne (In re Osborne)*, 262 B.R. 435, 442–43 n. 5 (Bankr.E.D.Tenn.2001)).

■ In the instant case, the Debtor references excerpts from the Debtor's divorce decree, which the Debtor maintains establish that there is no domestic support obligation owed by the Debtor to the Debtor's former spouse. The labels used in a divorce decree do not control whether an obligation is a domestic support obligation under bankruptcy law. *In re Westerfield*, 403 B.R. 545, 551 (Bankr.E.D.Tenn.2009). Moreover, this Court must consider the entire divorce decree and other factors in determining whether there was an intent to create a support obligation at the time of the divorce. *Id.*[6] Accordingly, this Court is unable to make the findings required to determine that no domestic support obligation is owed by the Debtor to the Debtor's former spouse as the Debtor states in the Proposed Plan based on the information provided in the Proposed Plan and the record before this Court.

B. *Procedural Considerations of Dischargeability Determinations Made Through Plan Confirmation*

■ Paragraph 30(e) of the Proposed Plan makes confirmation of the Proposed

---

**5.** Some courts have questioned whether steps two through four remain applicable in light of the subsequent amendments to Section 523 of the Bankruptcy Code as relates to the definition of a support obligation. *See Sorah v. Sorah (In re Sorah)*, 163 F.3d 397, 401 (6th Cir.1998); *Krempa v. Westerbeek (In re Krempa)*, 2008 WL 942287 at *3 n. 4, 2008 Bankr.LEXIS 963 at *8 n. 4 (6th Cir. BAP 2008). This Court need not reach this issue for purposes of this opinion.

**6.** This Court is *not* suggesting that a debtor should attach a copy of the debtor's divorce or separation agreement to a proposed plan or file such documents with the court in support of confirmation of plan that includes a dischargeability provision relating to obligations arising out of a divorce or separation. To the contrary, *see infra* regarding discussion of the sensitive nature of such documentation giving rise to the need for an adversary proceeding.

Plan similarly problematic from a procedural standpoint. The Bankruptcy Rules contemplate that determinations of dischargeability of debt will be made in the context of an adversary proceeding. *See* Fed. R. Bankr.P. 4007 and 7001(6). Adversary proceedings provide procedural safeguards for those types of actions specified in Bankruptcy Rule 7001 that Congress deemed to impact the rights and property of non-debtors in such a way as to warrant additional procedural protections. *Cf., Janc v. Coordinating Bd. for Higher Educ. (In re Janc)*, 251 B.R. 525, 545 (Bankr.W.D.Mo.2000) ("Rule 7001, *et seq.* provides the necessary procedural mechanisms by which the bankruptcy court may exercise its jurisdiction over issues that Congress recognized implicate the rights and property of non-debtors beyond the scope of ordinary debts").

 While dischargeability actions are generally construed strictly in favor of a debtor to give the debtor the benefit of a fresh start, the treatment of domestic support obligations is an exception to the general rule. *See e.g., Levin v. Greco*, 415 B.R. 663, 665 (N.D.Ill.2009); *Hanjora v. Hanjora (In re Hanjora)*, 276 B.R. 822, 825 (Bankr.N.D.Ohio 2001). Exceptions to discharge for domestic support obligations are liberally construed in favor of the non-debtor spouse and children, reflecting a longstanding policy of protecting the non-debtor spouse and children when the debtor's support is required. *Id.* This favored treatment of domestic support obligations in bankruptcy reflects a heightened need to be particularly mindful of the procedural requirements of the Bankruptcy Rules. "[A]s a general matter, the [Bankruptcy] Code defines the creation, alteration or elimination of substantive rights but the Bankruptcy Rules define the process by which these privileges may be effected. The Rules are there for a reason." *SLW*

*Capital, LLC v. Mansaray–Ruffin (In re Mansaray–Ruffin)*, 530 F.3d 230, 237–38 (3rd Cir.2008) (internal quotations and citations omitted).

 The detailed findings that this Court is required to make in connection with determining whether a non-dischargeable domestic support obligation exists and the sensitive nature of the information and documents related to making such determination coupled with due process concerns illustrates why it is impractical and inappropriate to address dischargeability matters of this nature in a confirmation setting. "Denial of confirmation is more appropriate when the proposed treatment of a claim is out of the ordinary, particularly onerous, or will deprive the creditor of its claim and security without procedural safeguards required by the [Bankruptcy] Code and Bankruptcy Rules." *In re Carlton*, 437 B.R. at 416. Indeed, were this Court to improvidently confirm the Proposed Plan providing for a discharge of a potentially valid domestic support obligation, the order confirming the discharge of such obligation may be void. *Cf., Espinosa*, 130 S.Ct. at 1379, n. 10 (declining to express a view on whether an order confirming the discharge of certain types of debts that are not dischargeable under any circumstances, including domestic support obligations, could be set aside as void).

III. CONCLUSION.

Accordingly, confirmation of the Proposed Plan is DENIED, without prejudice to the right of the Debtor to amend the Proposed Plan to either delete Paragraph 30(e) in its entirety or amend Paragraph 30(e) to provide that any determinations with respect to the dischargeability of any debt that the Debtor may owe to his former spouse as a result of the parties' divorce decree and separation agreement

will be made in the context of an adversary proceeding.

SO ORDERED.