FILED

**NOT FOR PUBLICATION**

OCT 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MERUELO MADDUX PROPERTIES, INC., <br><br> Debtor, <br> _____ <br><br> 1248 FIGUEROA STREET, LLC; et al., <br><br> Appellants, <br><br> v. <br><br> MMPI ACQUISITION, LLC and EVOQ PROPERTIES, INC., FKA Meruelo Maddux Properties, Inc., <br><br> Appellees. | No. 15-55592 <br><br> D.C. No. 2:14-cv-03031-AG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted October 17, 2016[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN and CHRISTEN, Circuit Judges, and KENNELLY,[***] District Judge.

Meruelo Maddux Properties, Inc. (MMPI) and its affiliates filed a Chapter 11 bankruptcy petition. The bankruptcy court confirmed a reorganization plan that allowed the minority shareholders' acquisition company (MMPI Acquisition, LLC, or MMPIA) to acquire shares in the reorganized MMPI. After confirmation of the reorganization plan, a company called 1248 Figueroa Street, LLC (1248) asserted that it held a lien on post-reorganization MMPI shares acquired by MMPIA. 1248 argued that it held this lien because the CEO of MMPI, Richard Meruelo, and affiliated entities (collectively the Meruelo Parties) had pledged pre-reorganization MMPI shares to 1248 as collateral for a loan.

MMPI and MMPIA filed an adversary proceeding seeking a declaratory judgment that 1248's lien did not encumber the shares MMPIA acquired. The bankruptcy court granted summary judgment against 1248, and the district court affirmed. We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. California law governs questions of contract interpretation and secured transactions in this case. *See Butner v. United States*, 440 U.S. 48, 55 (U.S. 1979); *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 588 (9th Cir. 1993).

---

[***] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Reviewing questions of law de novo and findings of fact for clear error, *see In re Perez*, 30 F.3d 1209, 1212 (9th Cir. 1994), we affirm the bankruptcy court's order.

1. Only "parties in interest" have a right to adequate notice and an opportunity to be heard before their interests may be adversely affected by a bankruptcy proceeding. *See, e.g.*, 11 U.S.C. § 1109(b). As a creditor of MMPI's shareholders, 1248 had only derivative rights in the bankruptcy court proceedings and was therefore not a party in interest. *See id.* § 510(b); *In re Tower Park Props., LLC*, 803 F.3d 450, 456-61 (9th Cir. 2015). For this reason, 1248 had no right to separate notice and an opportunity to be heard in the bankruptcy proceedings.

2. Even if 1248 had been a "party in interest" entitled to adequate notice and an opportunity to be heard, 1248 received actual notice and an opportunity to object to the reorganization plan. The Due Process Clause does not require more. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010); *In re Blendheim*, 803 F.3d 477, 498 (9th Cir. 2015).

3. The bankruptcy court did not err in ruling that MMPIA received the post-reorganization MMPI shares free and clear of 1248's lien. As a holder of derivative rights, 1248 had no more rights in the post-reorganization shares than the Meruelo Parties had. The Meruelo Parties had no rights in the post-

3

reorganization shares after the effective date of the reorganization plan, and therefore, 1248 had no rights in the post-reorganization shares after the effective date. Additionally, the bankruptcy court properly found that MMPIA received only newly-issued shares in the reorganized MMPI. The Meruelo Parties never owned these newly-issued shares, so 1248 never had a security interest in these shares. *See Oxford St. Props., LLC v. Rehab. Assocs., LLC*, 206 Cal. App. 4th 296, 308 (2012). 1248's lien does not encumber any shares acquired by MMPIA.

Each party shall bear its own costs on appeal.

**AFFIRMED.**