**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JACQUELINE C. MELCHER, | No.   16-15817 |
| Debtor. | D.C. No. 5:14-cv-05586-RMW |
| ――――――――――――――――――――― | |
| JACQUELINE C. MELCHER, | MEMORANDUM* |
| Debtor-Appellant, | |
| v. | |
| JOHN W. RICHARDSON, | |
| Trustee-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Chapter 7 debtor Jacqueline C. Melcher appeals pro se from the district

court's order affirming the bankruptcy court's order denying Melcher's motion to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

void orders of the bankruptcy court permitting the trustee to sell certain real property. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's decision without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We review de novo an order denying a Fed. R. Civ. P. 60(b)(4) motion to set aside a judgment as void. *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995). We affirm.

The bankruptcy court properly denied Melcher's Rule 60(b)(4) motion because Melcher failed to establish that the bankruptcy court "lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999); *see also* Fed. R. Bankr. P. 9024 (applying Rule 60 to bankruptcy proceedings with limited exceptions); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."). Contrary to Melcher's contentions, the proceedings at issue did not violate her due process rights because the record

shows that she received adequate notice of the hearing on the trustee's motion under 11 U.S.C. § 363(f)(4), and an opportunity to be heard.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Melcher's motion to correct the record (Docket Entry No. 18) is denied.

**AFFIRMED.**