18-700-cv
*SEC v. Boock*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

  **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand nineteen.**

PRESENT: GUIDO CALABRESI,
     JOSÉ A. CABRANES,
     RICHARD C. WESLEY,
        *Circuit Judges.*

---

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    *Plaintiff-Appellee,*        18-700-cv

    v.

IRWIN BOOCK AND BIRTE BOOCK,

    *Defendants-Appellants,*

STANTON B.J. DEFREITAS, NICOLETTE D. LOISEL,
ROGER L. SHOSS, ALENA DUBINSKY, 1621566 ONTARIO, INC,
A CORPORATION, JASON C. WONG,

    *Defendants.*

---

**FOR PLAINTIFF-APPELLEE:**    Dina B. Mishra, Senior Counsel
             (Dominick V. Freda, Assistant General
             Counsel, Michael A. Conley. Solicitor, *on
             the brief*), for Robert B. Stebbins, General

1

Counsel, Securities and Exchange Commission, Washington, DC.

**FOR DEFENDANTS-APPELLANTS:**      Irwin Boock and Birte Boock, pro se, Ontario, Canada.

Appeal from the January 22, 2018 order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED.**

Defendants-Appellants Irwin and Birte Boock ("Boocks"), proceeding *pro se*, appeal from the District Court's denial of their motion to vacate judgments against them pursuant to Federal Rule of Civil Procedure 60(b)(4). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 60(b)(4) motion de novo. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). We review a district court's ruling that a party has waived an argument for abuse of discretion. *Brown v. City of New York*, 862 F.3d 182, 187 (2d Cir. 2017).

Rule 60(b)(4) allows a court to relieve "a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void if it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). A judgment will not be deemed void "simply because it is or may have been erroneous." *Id.* Rather, it "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

We conclude that the District Court did not err in denying the Boocks' Rule 60(b)(4) motions. The Boocks do not identify any jurisdictional or due process errors that would warrant the granting of a Rule 60(b)(4) motion. Instead, they contend that the judgments against them are void because the conduct at issue fell outside of the five-year statute of limitations of 28 U.S.C. § 2462. To the extent that the Boocks intend to argue that this statute of limitations is a jurisdictional error that would support their Rule 60(b)(4) motions, their argument is unavailing. To show that a statute of limitations is jurisdictional, a party must "clear a high bar" by demonstrating that Congress has "clearly stated as much." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) (internal quotation marks and brackets omitted) (noting that "most time bars are nonjurisdictional"). The Boocks fail to meet this burden. Nor do the Boocks allege that there was any violation of due process that deprived them of the opportunity to be heard, and we perceive no such error.

2

Moreover, an argument that a statute of limitations bars an action is "waived if not raised in the answer to the complaint." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 967 F.2d 742, 752 (2d Cir. 1992). The Boocks defaulted in the underlying actions, and thereby waived this defense. Accordingly, the District Court did not abuse its discretion in finding that the statute-of-limitations defense was waived and did not err in denying the Boocks' Rule 60(b)(4) motions.

## CONCLUSION

We have reviewed all of the arguments raised by the Boocks on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 22, 2018 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk