18‐3371
In re: Kirwan Offices S.à.R.L.

 UNITED STATES COURT OF APPEALS
 FOR THE SECOND CIRCUIT

 SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION
TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND
IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS
COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT
FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR
AN ELECTRONIC DATABASE (WITH THE NOTATION ASUMMARY ORDER@). A
PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY
NOT REPRESENTED BY COUNSEL.

 At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the
City of New York, on the 20th day of December, two thousand nineteen.

PRESENT: ROBERT D. SACK,
 DENNY CHIN,
 JOSEPH F. BIANCO,
 Circuit Judges.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: KIRWAN OFFICES S.à.R.L.,
 Debtor.

STEPHEN P. LYNCH,
 Appellant,

 v. 18‐3371

MASCINI HOLDINGS LIMITED, LAPIDEM
LIMITED,
 Creditors‐Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
FOR APPELLANT: STEPHEN P. LYNCH, pro se,
 Moscow, Russia.

FOR CREDITORS‐APPELLEES: MARK A. MCDERMOTT (Jonathan
 Frank, on the brief), Skadden,
 Arps, Slate, Meagher & Flom
 LLP, New York, NY.

FOR AMICUS CURIAE: Jean‐David Barnea, Jeannette A.
 Vargas, Assistant United States
 Attorneys, for Geoffrey S.
 Berman, United States Attorney
 for the Southern District of New
 York, New York, NY.

 Appeal from a judgment of the United States District Court for the

Southern District of New York (McMahon, C.J.).

 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,

ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

 Appellant Stephen P. Lynch, proceeding pro se, appeals from an October

11, 2018 judgment of the district court affirming a March 21, 2017 order of the

bankruptcy court confirming a reorganization plan (the ʺPlanʺ) for debtor Kirwan

Offices S.à.r.L. (ʺKirwanʺ). Lynch is one of Kirwanʹs three shareholders. The other

two ‐‐ Lapidem Limited (ʺLapidemʺ) and Mascini Holdings Limited (ʺMasciniʺ)

(together, ʺAppelleesʺ) ‐‐ filed an involuntary bankruptcy petition against Kirwan and

proposed the Plan. Lynch opposes the Plan because it strips him of his rights under

the shareholder agreement (the ʺSHAʺ).
 Lynch makes five arguments on appeal: (1) he did not receive adequate

notice of the Planʹs confirmation hearing; (2) the bankruptcy court lacked subject matter

jurisdiction to confirm part of the Plan; (3) certain provisions of the Plan illegally

prevent him from pursuing future claims against Appellees; (4) his post‐confirmation

motions should have been granted; and (5) Appellees acted in bad faith when they

brought the bankruptcy action in White Plains. We assume the partiesʹ familiarity with

the underlying facts, the procedural history of the case, and the issues on appeal.

 ʺA district courtʹs order in a bankruptcy case is subject to plenary review.ʺ

In re Cacioli, 463 F.3d 229, 234 (2d Cir. 2006). ʺWe review the bankruptcy courtʹs

findings of fact for clear error and its conclusions of law de novo.ʺ Id. ʺWe review de

novo rulings as to the bankruptcy courtʹs jurisdiction.ʺ In re Motors Liquidation Co., 829

F.3d 135, 152 (2d Cir. 2016).

I. Notice

 Lynch argues that the confirmation order is void because he did not

receive adequate notice of the confirmation hearing in violation of the Due Process

Clause of the Fifth Amendment and Article 15 of the Hague Convention on Service

Abroad of Judicial and Extrajudicial Documents (ʺHague Service Conventionʺ), and

because the notice period was improperly abbreviated. We are not persuaded.

 3
 First, failure to serve notice in conformity with the bankruptcy courtʹs

rules did not establish a due process violation because Lynch received actual notice of

the filing and contents of the Plan, and he did not object to the notice of the

confirmation hearing.1 United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010)

(holding failure to serve summons and complaint in conformity with the Bankruptcy

Rules did not render a confirmation order void where the objecting party received

actual notice and failed to object to inadequate service).

 Second, Lynchʹs reliance on Article 15 of the Hague Service Convention is

misplaced, as that article applies to a ʺwrit of summons or an equivalent documentʺ and

has no bearing on the service of notice of a hearing on confirmation of a reorganization

plan. See Hague Service Convention Art. 15. The Supreme Court has noted that the

scope of the Hague Service Convention is likely limited to ʺservice of process,ʺ see Water

Splash, Inc. v. Menon, 137 S. Ct. 1504, 1510 n.2 (2017), which is defined as ʺa formal

delivery of documents that is legally sufficient to charge the defendant with notice of a

pending action.ʺ Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 700 (1988).

Here, Lynch was not a nonparty who needed ʺnotice of a pending action.ʺ Id.

1 In contrast, Lynch did object to the email notice he received of the telephonic hearing.
Moreover, while he objected to the confirmation of the Plan on other grounds, he did not object to the
notice of the bankruptcy confirmation hearing.

 4
Instead, he had already voluntarily appeared in the bankruptcy proceedings and

participated substantively, including, for example, by moving to dismiss the

bankruptcy case (on other grounds) and to compel arbitration. Thus, the Hague

Service Convention is not relevant here, and Espinosa controls.

 Third, bankruptcy courts have authority to abbreviate the notice period

ʺfor cause.ʺ Fed. R. Bankr. P. 9006(c)(1). We decline to consider Lynchʹs argument

that the bankruptcy court abused its discretion in doing so here because this argument

was available to Lynch in the bankruptcy court, but he did not raise it. See In re Johns‐

Manville Corp., 759 F.3d 206, 219 (2d Cir. 2014) (failure to raise an argument in

bankruptcy court constitutes waiver, even if the argument was subsequently raised in

the district court).

II. Subject Matter Jurisdiction

 The Plan affects Lynchʹs rights under the SHA because it includes

provisions (the ʺExculpation Clausesʺ) releasing and enjoining claims against Appellees

related to the restructuring efforts and/or the Plan. Lynch contends the bankruptcy

court lacked subject matter jurisdiction to approve the Exculpation Clauses. Lynchʹs

appeal and the Governmentʹs amicus brief raise several distinct jurisdictional questions

regarding the bankruptcy courtʹs authority to enter an order including the Exculpation

 5
Clauses. We need not reach these issues, however, because they are barred in part by

the doctrine of res judicata and resolved in part by Lynchʹs implicit consent to the

bankruptcy courtʹs entry of a final order. We address these two issues in turn.

 A. Res Judicata

 Under the doctrine of res judicata, or claim preclusion, ʺ[a] final judgment

on the merits of an action precludes the parties . . . from relitigating issues that were or

could have been raised in that action.ʺ Federated Depʹt Stores, Inc. v. Moitie, 452 U.S. 394,

398 (1981) (citations omitted). ʺA voluntary dismissal with prejudice is an adjudication

on the merits for purposes of res judicata.ʺ Chase Manhattan Bank, N.A. v. Celotex Corp.,

56 F.3d 343, 345 (2d Cir. 1995).

 In Travelers Indemnity Co. v. Bailey, 557 U.S. 137 (2009), a bankruptcy court

issued an order enjoining certain claims against the debtorʹs insurer and incorporated

that order into a confirmation order that this Court affirmed. Id. at 141–42. Years

later, the bankruptcy court interpreted its prior orders to enjoin third‐party claims that,

in this Courtʹs view, were outside the bankruptcy courtʹs jurisdiction. Id. at 142–46.

The Supreme Court held that the principle of res judicata barred that jurisdictional

inquiry: the bankruptcy courtʹs orders ʺbecame final on direct review (whether or not

proper exercises of bankruptcy court jurisdiction and power)ʺ and were ʺnot any the

 6
less preclusive because the attack is on the Bankruptcy Courtʹs conformity with its

subject‐matter jurisdiction, for even subject‐matter jurisdiction may not be attacked

collaterally.ʺ Id. at 152 (internal alterations, quotation marks, and citations omitted).

 Here, Lynchʹs jurisdictional claims are barred by res judicata. Lynch

appealed the bankruptcy courtʹs order, which set forth the following rulings: (1) it had

jurisdiction over the petition and Lynchʹs motion to dismiss or intervene, which raised,

inter alia, the issue that the petition and proceeding in the bankruptcy court would

violate Lynchʹs rights under the SHA; (2) it denied the motion in part; (3) it preserved

certain issues raised by Lynch for a future hearing; and (4) it asserted and retained

jurisdiction ʺto hear and to determine all matters arising from the interpretation and/or

implementation of this Order.ʺ See In re Kirwan Offices S.a.R.L., S.D.N.Y. 16‐22321

(RDD), doc. 43. Because the bankruptcy courtʹs confirmation order ‐‐ including with

respect to the Exculpation Clauses ‐‐ reflected an exercise of its previously affirmed

jurisdiction, we agree that the question of whether these issues fall within the courtʹs

core jurisdiction is barred by res judicata.

 B. Consent

 This does not end our inquiry, however, because the Supreme Court held

in Stern v. Marshall that, as a constitutional matter, a final order must be entered by an

 7
Article III court in certain core proceedings. 564 U.S. 462, 499 (2011). This barrier to

the bankruptcy courtʹs entry of a final judgment may be overcome by the partiesʹ

express or implied consent. Wellness Intʹl Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1948

(2015). Policies in favor of ʺincreasing judicial efficiency and checking gamesmanshipʺ

underlie this rule. Id.

 We need not decide whether Stern would otherwise require entry of a

final order by the district court, because we find that Lynch implicitly consented to the

bankruptcy courtʹs jurisdiction. First, he presented at least some of his SHA claims to

the bankruptcy court when he moved to dismiss the bankruptcy petition and to compel

arbitration. Second, Lynch declined to participate in the confirmation hearing or

otherwise object to the proposed Plan prior to its entry, despite having notice of them

and their effect on his rights. Because Lynch voluntarily presented these claims to the

bankruptcy court, and because his objection to the courtʹs jurisdiction came only after it

entered the confirmation order, the policies of ʺincreasing judicial efficiency and

checking gamesmanshipʺ are implicated, id., and we conclude that his conduct

establishes implicit consent.

 8
III. Exculpation Clauses

 Lynch next argues that, even if the bankruptcy court had the authority to

enter an order containing the Exculpation Clauses, it was improper to do so because the

clauses were not ʺnecessaryʺ to the reorganization plan and ʺunusual circumstancesʺ

were not present, as required by our decision in In re: Metromedia Fiber Network, Inc.,

416 F.3d 136, 142‐43 (2d Cir. 2005). Appellees argue that Lynch waived this issue by

failing to object at the time of confirmation. We agree that this issue was waived. See

In re Johns‐Manville Corp., 759 F.3d at 219. Lynch is incorrect that he was not provided

an opportunity for a hearing. As discussed above, Lynch had notice of the motion to

abbreviate the confirmation notice period and of the Plan, and he failed to object to

either. See supra Section I.

IV. Post‐Confirmation Motion

 The bankruptcy court did not abuse its discretion in denying Lynchʹs post‐

confirmation motion under Fed. R. Civ. P. 59(a), (e) and 60(b)(3), (4), (6), which are

incorporated in all relevant respects by Fed. R. Bankr. P. 9023 and 9024. Lynch sought

relief from the confirmation order on the grounds that (1) Appellees had

misrepresented the facts establishing venue, (2) the judgment was void because the

bankruptcy court had exceeded its jurisdiction, and (3) the Exculpation Clauses were

 9
not justified under the facts of the case. In the alternative, he seeks reconsideration or

retrial on the confirmation order.

 As to Lynchʹs Rule 60(b)(3) motion, asserting that Appellees engaged in

misconduct or fraud related to venue, Lynch has waived the issue because he provides

no explanation why the bankruptcy court erred in finding that Kirwan had an asset

establishing venue. See Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir. 1998) (ʺIssues

not sufficiently argued in the briefs are considered waived and normally will not be

addressed on appeal.ʺ). As to Lynchʹs Rule 60(b)(4) motion, asserting that the

bankruptcy courtʹs order was void for lack of jurisdiction, we disagree for the reasons

discussed above. See supra Section II. As to Lynchʹs Rule 60(b)(6) motion, he argued

that the bankruptcy court wrongly decided that the Exculpation Clauses were

warranted under the facts of this case. But this Court has warned that ʺa Rule 60

motion may not be used as a substitute for appeal and that a claim based on legal error

alone is inadequate.ʺ United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009)

(internal quotation marks omitted). Lynch also did not meet the ʺstrictʺ standard for a

Rule 59 motion, because he did not ʺpoint to controlling decisions or data that the court

overlooked.ʺ Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir.

2012) (internal quotation marks omitted). To the extent he reiterated prior objections to

 10
the bankruptcy courtʹs jurisdiction, this was not a proper basis for a Rule 59 motion.

See id. (a reconsideration motion ʺis not a vehicle for . . . presenting the case under new

theories . . . or otherwise taking a second bite at the appleʺ (internal quotation marks

omitted)).

V. Bad Faith

 Finally, we decline to consider Lynchʹs new claim on appeal that

Appellees acted in bad faith by filing their petition in White Plains. See In re Johns‐

Manville Corp., 759 F.3d at 219. Lynch concedes that he did not previously raise this

claim ‐‐ that Appellees participated in their counselʹs ʺrepeated scheme . . . to

improperly funnel Russian (and perhaps other) clients to the Westchester single‐judgeʺ

bankruptcy court ‐‐ but asserts that he only belatedly learned of this practice and that

the judge was not randomly assigned. Appellantʹs Reply Br. at 3, 7. But the number

of judges in the White Plains bankruptcy court is public information that was available

to him throughout the proceedings. And, even accepting Lynchʹs premise that

Appellees anticipated a strategic advantage by filing in White Plains, this does not

establish that Appellees acted in bad faith by selecting that venue. Cf. Iragorri v. United

Techs. Corp., 274 F.3d 65, 71–72 (2d Cir. 2001) (in the context of a motion to dismiss for

forum non conveniens, courts balance the extent to which the choice of forum was

 11
motivated by proper considerations, such as connections to the action and convenience

of the parties, against the extent to which it appears that the choice of forum was

ʺmotivated by forum‐shopping reasonsʺ).2

 ***

 We have considered all of Lynchʹs remaining arguments and find them to

be without merit. Accordingly, we AFFIRM the judgment of the district court.

 FOR THE COURT:
 Catherine O’Hagan Wolfe, Clerk of Court

2 We note that Lynch does not present any reasons why Washington, D.C. would be a more
appropriate venue than New York if Kirwan had assets in both locations.

 12