**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYNTHESIS INDUSTRIAL HOLDINGS 1 LLC, <br><br> Appellant, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, not in its Individual Capacity, but solely as Trustee for the RMAC Trust Series 2016-CTT; RUSHMORE LOAN MANAGEMENT SERVICES, LLC, <br><br> Appellees. | No. 20-16035 <br><br> D.C. No. 2:19-cv-01431-JCM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 9, 2021[**]
Submission Vacated March 31, 2021
Resubmitted August 6, 2021
Las Vegas, Nevada

Before: NGUYEN and BENNETT, Circuit Judges, and HARPOOL,[***] District

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable M. Douglas Harpool, United States District Judge for

Judge.

Eric Yugar defaulted on a loan serviced by Rushmore Loan Management Services, LLC ("Rushmore") and secured by a deed of trust assigned to U.S. Bank National Association ("U.S. Bank"), the two appellees in this case. U.S. Bank noticed a foreclosure sale pursuant to the deed of trust, but one day before the sale, Yugar transferred the property to Synthesis Industrial Holdings 1, LLC ("Synthesis"), the appellant. Synthesis then filed for chapter 11 bankruptcy the day of the sale—October 5, 2018. U.S. Bank did not know of either the property transfer or the bankruptcy filing and went forward with the foreclosure sale, transferring the property to itself in its capacity as trustee for the "RMAC trust, Series 2016-CTT."

U.S. Bank and Rushmore did not file claims in the bankruptcy proceeding because they did not know there was one. Synthesis, however, filed a claim purportedly on their behalf, pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 3004. Synthesis also purports to have served U.S. Bank with certain of the bankruptcy documents, including a chapter 11 plan ballot, by first class mail. U.S. Bank did not return the ballot or appear.[1] In February 2019, the court entered an order confirming Synthesis's proposed chapter 11 plan. U.S. Bank and Rushmore had by this time learned of the bankruptcy, and they filed a motion under Federal

the Western District of Missouri, sitting by designation.

[1] Synthesis never served Rushmore.

Rule of Civil Procedure ("FRCP") 60(b)(4),[2] seeking to void the plan based on a lack of personal jurisdiction because of Synthesis's improper service of its claim. The bankruptcy court granted the motion, and the district court affirmed. Synthesis appealed.

Because the bankruptcy court order denied confirmation without dismissing the case, the district court's order and judgment was not a final appealable order. *See Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1693–94 (2015). And because the district court's order and judgment were not certified to us by the district court under 28 U.S.C. § 1292(b), nor was the bankruptcy court order certified to us by the bankruptcy court, the district court, or the parties acting jointly under 28 U.S.C. § 158(d)(2), we did not have jurisdiction under either of the two pathways through which courts of appeals can exercise jurisdiction over interlocutory appeals from bankruptcy court orders. *See id.* at 1695–96. We thus remanded the case to the district court, where Synthesis filed a motion for leave to appeal under § 1292(b). The district court granted the motion and certified its order for immediate appeal. We now address the parties' arguments on their merits.[3]

---

[2] FRCP 60(b) applies to bankruptcy proceedings under FRBP 9024.

[3] In doing so, we exercise our authority under Federal Rule of Appellate Procedure ("FRAP") 2 to suspend for good cause the requirements of FRAP 5, and we construe Synthesis's timely notice of appeal on May 27, 2020, and the parties' timely status report on June 25, 2021, "as together constituting one timely and proper

"Ordinarily, motions for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b) are addressed to the sound discretion of the [bankruptcy] court and will not be reversed absent some abuse of discretion." *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995). This court reviews "de novo, however, a [bankruptcy] court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one." *Id.*

Under FRCP 60(b)(4), a judgment is void if it involved a "jurisdictional error." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).[4] "[S]ervice of process is the means by which a court asserts its jurisdiction over the person." *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). "[I]n the absence of proper service of process, the district court has no power to render any judgment against [a party's] person or property unless the [party] has consented to jurisdiction or waived the lack of process." *Id.* at 1138–39.

---

petition for permission to appeal." *Amalgamated Transit Union Loc. 1309, AFL-CIO v. Laidlaw Transit Servs., Inc.*, 435 F.3d 1140, 1146–47 (9th Cir. 2006).

[4] Synthesis insists that "[o]nly constitutionally defective service can render a confirmed plan void," and thus, "[b]ecause due process was satisfied[,] legal error was not a basis for setting aside the confirmation order as void under Rule 60(b)." (Emphasis added) (quotation marks and citation omitted). But the Supreme Court has made clear that jurisdiction and due process are two separate bases for applying FRCP 60(b)(4): "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error *or* on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271 (emphasis added).

Here, Synthesis never served its claim on U.S. Bank by certified mail. FRBP 7004(h) requires such service on insured depository institutions. U.S. Bank is an insured depository institution. Synthesis argues, however, that insured depository institutions should not be treated as insured depository institutions when acting as trustees, thereby permitting service by first class mail under FRBP 7004(b)(3), rather than service by certified mail, as required by FRBP 7004(h). Both the bankruptcy court and the district court rejected the argument that service by first class mail was sufficient. If they were correct to have done so, then they were also correct to void the confirmation order for lack of jurisdiction under FRCP 60(b)(4). *Espinosa*, 559 U.S. at 271.

Under FRBP 7004(h), a party must serve an insured depository institution "by certified mail addressed to an officer of the institution" to establish personal jurisdiction over it. There are three exceptions. Service by certified mail is not required where (1) "the institution has appeared by its attorney"; (2) "the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution"; or (3) "the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service." Fed. R. Bankr. P. 7004(h)(1)–(3).

U.S. Bank did not appear by its attorney, Synthesis did not serve it with notice

5

of an application to permit service by first class mail, and U.S. Bank did not waive its entitlement to service by certified mail by designating an officer to receive service. Synthesis was thus required to serve U.S. Bank by certified mail, and the bankruptcy court properly voided the confirmation order because of Synthesis's failure to do so.

Synthesis urges us to create a fourth exception for insured depository institutions acting as trustees. But this would be contrary to the explicit text of FRBP 7004(h) and to the "presumption that Congress would not enumerate specific exemptions . . . but leave [other exemptions] to judicial identification." *Exp. Grp.*, 54 F.3d at 1474.[5]

**AFFIRMED.**

---

[5] U.S. Bank and Rushmore have also alleged a due process violation, but the bankruptcy court and the district court did not reach that issue, and neither do we. *See Ross*, 504 F.3d at 1139 ("A judgment entered without [personal] jurisdiction over the defendant is void.").