In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 21-1400

ARCHER-DANIELS-MIDLAND COMPANY,

*Petitioner-Appellant,*

*v.*

COUNTRY VISIONS COOPERATIVE,

*Respondent-Appellee.*

———————————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 17-cv-0313-bhl — **Brett H. Ludwig**, *Judge.*

———————————

ARGUED NOVEMBER 29, 2021 — DECIDED APRIL 4, 2022

———————————

Before EASTERBROOK, SCUDDER, and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* In 2007 Olsen Brothers Enterprises, LLP, granted a right of first refusal (the "Right") on a parcel of land in Wisconsin to the predecessors in interest of Country Visions Cooperative. The Right had a term of ten years and entitled Country Visions to buy the parcel by matching any other person's offer, should Olsen Brothers decide to sell. Olsen Brothers soon dissolved, distributing its assets to the partners, an event that did not trigger the Right but

also did not extinguish it. In 2010 the former partners filed for bankruptcy. They did not notify Country Visions, list it as a creditor, or attempt to make it a party, nor did they tell the bankruptcy judge about the Right. An agreed plan was presented to the bankruptcy court in 2011 and approved after perfunctory proceedings. Under the plan, the parcel's buyer was to acquire title free and clear of all other interests. Archer-Daniels-Midland (ADM) emerged as the parcel's new owner. No one offered Country Visions an opportunity to match the price that ADM paid.

In 2015 ADM arranged for the re-sale of the parcel, again without offering it to Country Visions, which responded with a suit in state court, demanding compensation for the violation of the Right. ADM then returned to the bankruptcy court, asking it to enforce the free-and-clear aspect of the 2011 sale by barring Country Visions from seeking any remedy in state court. ADM relied on 11 U.S.C. §363(m), which provides:

> The reversal or modification on appeal of an authorization … of a sale or lease of property does not affect the validity of a sale or lease … to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

No one appealed from the order authorizing the sale to ADM, but this language has been read broadly to protect the interests of any good-faith purchaser. See *In re Edwards*, 962 F.2d 641 (7th Cir. 1992). That is the basis of ADM's request.

The bankruptcy court denied ADM's request, and the district court affirmed. 628 B.R. 315 (E.D. Wis. 2021). Both judges concluded that ADM had not acquired the parcel in good faith, because it knew of the Right yet failed to alert the

bankruptcy judge. Country Visions filed a copy of the Right in the local real estate records; even a cursory title search would have turned it up—indeed, *did* turn it up. ADM had a copy of the title report and also knew that Country Visions was not a party to the bankruptcy. What's more, the bankruptcy judge concluded that ADM knew that, about a week before the sale, counsel for Country Visions got wind that something was happening and began to inquire how he could protect his client's rights. Bankruptcy Judge Kelley was tempted to deem the failure of *anyone* to alert her to the Right a form of fraud on the court, but she did not set aside the sale to ADM. The bankruptcy judge mentioned Fed. R. Civ. P. 60(b)(4) (applied through Fed. R. Bankr. P. 9024) but did not alter or vacate the judgment approving the sale to ADM. Instead she just denied ADM's proposal to stop the state litigation, which is ongoing. See *Country Visions Cooperative v. Archer-Daniels-Midland Co.*, 2021 WI 35 (Apr. 21, 2021) (remanding for further proceedings).

In the district court, and again in this court, the parties have devoted a lot of time and space to the question whether Country Visions knew enough, before the 2011 sale, to supply it with the notice and opportunity for a hearing required by the Due Process Clause of the Fifth Amendment. We do not address that subject, however, because statutory questions precede constitutional ones. *Gulf Oil Co. v. Bernard*, 442 U.S. 89, 99 (1981). This is a statutory case. If ADM did not buy the parcel in "good faith" in 2011, then it loses no matter what the Constitution has to say about the sort of notice Country Visions should have received.

It seems clear that Paul and David Olsen, the debtors in bankruptcy, proceeded in bad faith. They knew of the Right,

yet they did not notify Country Visions about the bankruptcy. They did not cause Country Visions to be served with process, although it had an entitlement under both statute and rule to formal notice and party status. 11 U.S.C. §363(b)(1), (d), (f); Fed. R. Bankr. P. 2002(f). Indeed, it was entitled to at least 21 days' notice of any proposed sale, see Fed. R. Bankr. P. 2000(a)(2), yet the little birdie that eventually tipped off Country Visions provided less notice than that. What's more, the Olsens did not alert the bankruptcy judge to Country Visions' interest in the parcel. If anyone should be made to compensate Country Visions, it is the Olsens.

Yet the current dispute pits ADM against Country Visions, not ADM (or Country Visions) against the Olsens. The question is whether ADM bought the parcel in good faith, not whether the Olsens sold it in bad faith. And on that score it is impossible to disagree with the bankruptcy and district judges that someone who has both actual and constructive knowledge of a competing interest, yet permits the sale to proceed without seeking the judge's assurance that the competing interest-holder may be excluded from the proceedings, is not acting in good faith. Constructive knowledge was established by the Right's presence in the real estate records. Actual knowledge was established by ADM's possession of a title search report showing the Right, plus the fact that ADM learned of Country Visions' inquiries. At oral argument counsel for ADM asserted that his client lacked actual knowledge of the Right, but ADM's brief does not contend that any of the findings by the bankruptcy or district judges is clearly erroneous. This leaves ADM in an untenable appellate posture.

If Country Visions had been made a party, and the bankruptcy judge had decided that the Right could be ignored

(which is unlikely), then Country Visions would have needed to appeal in order to protect its interests. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). But it was not a party, and a non-party cannot be expected to appeal. Decisions such as *In re Pence*, 905 F.2d 1107 (7th Cir. 1990), on which ADM relies, deal with the rights and obligations of litigants in bankruptcy, but Country Visions never became one.

A bankruptcy judge has ample power to resolve competing claims to debtors' assets, even to extinguish them, but only if the claimants receive proper notice as litigants. The bankruptcy court, which did not learn of the Right in 2011, did not purport to extinguish it without compensation to Country Visions.

Good-faith purchasers enjoy strong protection under §363(m). But ADM is not a good-faith purchaser. It must defend the state litigation.

AFFIRMED